ROBERTS, Justice.
Petitioner Cohen brings here for review on certiorari an order of the Circuit Court of Putnam County which affirmed a judgment of the Municipal Court of the City of Palatka finding Cohen guilty of violating a city ordinance and imposing a fine of $100 or, in default, thirty days in jail.
Cohen was charged with “plumbing without a license” in violation of the following city ordinance: “No person shall engage in, manage, run or operate any business, profession or occupation named in this chapter within the city without first having obtained from the city tax collector the license herein provided for such business, profession or occupation.” The City of Palatka does not regulate the business of plumbing. It simply requires one who engages in the business of plumbing to obtain an occupational license and pay the license fee.
The evidence showed that Cohen and his son were employed by the owner, at the rate of $1.50 per hour, to do various odd jobs in connection with the construction of a house on the owner’s premises and under the owner’s supervision. A City Inspector testified that he saw Cohen “running a water line”, that is, connecting up a water pipe, in a ditch going towards the house, and that is was for that reason that he initiated the instant proceedings against Cohen. Cohen himself testified that “we dug a ditch, and helped set the bathtub, helped set the kitchen sink, and we knocked a hole through the wall and put his vent pipe through there.” He also made a connection to the sewer line at the house.
It was the duty of the circuit judge, in reviewing the judgment of the municipal court, to “examine the record and reverse or affirm the judgment appealed from, giving such judgment or order as the trial court should have given or otherwise as it may appear according to law.” § 932.-52(13), Fla.Stat.1955, F.S.A. Tested by the rule applicable to appellate courts in general it was, at least, the duty of the circuit judge “to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law * * *. Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.” De Groot v. Sheffield, Fla. 1957, 95 So.2d 912, 916.
We have the view that the evidence in this case was not “competent substantial” evidence sufficient to support a charge of engaging in the business of plumbing within the meaning of the ordinance here involved. In Texas Co. v. Amos, 1919, 77 Fla. 327, 81 So. 471, 472, this court construed a statute almost identical with the ordinance and said that “ ‘The term “business” as used in a law imposing a license tax on businesses, trades, professions, and callings, ordinarily means a business in the trade or commercial sense, one carried on with a view to profit or livelihood.’ Cuzner v. California Club, 155 Cal. 303, 100 P. 868, 20 L.R.A.,N.S., 1095.” Pointing out that the statute was penal and should be strictly construed, the court remarked : “ ‘No man,’ ” said the court in Harris v. Commonwealth, 81 Va. 240, 59 Am.Rep. 666, “ ‘incurs a penalty unless the act which subjects him to it is clearly both within the spirit and the letter of the statute imposing such penalty.’ ”
The one isolated instance of plumbing proved against Cohen, when performed in the circumstances shown by this record, is clearly not within the spirit of an ordinance requiring a person to take out an occupational license in order to “engage in, manage, run or operate” a plumbing business. Nor do we think it is sufficient “to establish a substantial basis of fact” from which it can reasonably be inferred that a person is engaging in the plumbing *565 business within the letter of the ordinance. A judgment that has no competent substantial evidence to support it cannot and should not stand; and an affirmance of that judgment is such a departure from the essential requirements of law as to require this court, in the exercise of its ancient power to issue the common-law writ of certiorari, to quash the order of affirmance. Cf. Drahota v. Taylor Construction Company, Fla.1956, 89 So.2d 16; Mathews v. Metropolitan Life Insurance Co., Fla.1956, 89 So.2d 641.
Accordingly, the certiorari is granted and the judgment here reviewed is quashed, and the cause remanded to the Circuit Court with directions to reverse the Municipal Court judgment and enter a judgment finding Cohen not guilty of the charge made against him. See City of Miami v. Brown, Fla.1955, 80 So.2d 610.
It is so ordered.
TERRELL, C. J., and THOMAS, HOB-SON and DREW, JJ., concur.