119 So.2d 735 (1960)
TRADER JON, INC., Doing Business As Club Pigalle, Appellant,
v.
STATE BEVERAGE DEPARTMENT of Florida and H.G. Cochran, Jr., As Director of the State Beverage Department of Florida, Appellees.
No. B-258.
District Court of Appeal of Florida. First District.
April 14, 1960.
Rehearing Denied April 29, 1960.
*736 Philip D. Beall, Pensacola, for appellant.
Sam Pasco, Tallahassee, for appellees.
STURGIS, Judge.
This is an appeal from an order of the circuit court denying certiorari to a licensee whose beverage license was suspended for an alleged violation of the state beverage laws. The suspension was ordered following a hearing before the Director of the State Beverage Department who by F.S. § 561.29, F.S.A., is vested with authority to take such action after affording the licensee "a fair hearing" on a written statement setting forth the alleged violation.
The violation charged and the resulting suspension of the license is predicated on the uncontroverted fact that an unidentified employee of the licensee sold and served one beer each to three minors, contrary to law, coupled with the Director's finding that such sale resulted from licensee's negligence in failing to use due care to prevent such sales. The licensee-appellant challenges the latter element which, in this case, is admittedly essential to the exercise of the power of the Director to suspend the license.
The licensee has operated a combination bar and restaurant in Pensacola since January 1953. It has a seating capacity of approximately six hundred. The violation  using that term strictly in the technical sense  occurred at approximately eleven o'clock in the evening, when there were about five hundred patrons in the establishment. There is only one main entrance for the ordinary and regular use of the public. Several other doors are used for emergency exits and entrances, and it is through one of these that the party composed of three minors stealthily gained entrance. In keeping with the usual decor of such businesses, the inside lighting was not of a blinding type.
Officials of the State Beverage Department and Escambia County officials making a check of the premises found the three young men "back in the back", each with a bottle of beer. One was sixteen and the *737 others were eighteen years old. No other violations were discovered on the premises.
Two of these young men were at college at the time of the hearing. The other testified that he was 5' 11" tall, weighed about 165 pounds, and shaved daily; that one of the other boys involved was heavier than he and the third both heavier and taller; that it was the first time he had visited the place; that he and his companions went there to hear a band play and had been there about twenty minutes when apprehended; that they gained entrance through one of the emergency doors  a tunnel-like door  rather than the main entrance, and were apprehensive of being thrown out by the management. Opposed to the testimony of this witness, to the effect that the three young men bore the appearance of adults, is testimony to the effect that their appearance was that of minors.
The investigating officer testified that when he approached the young men and inquired their ages they first represented that each was over 21 years of age; that one of them exhibited a false identification card to that effect; that they later admitted that they were minors.
Testimony was admitted, and cited in the Director's findings, to the effect that numerous complaints had been made to an official that youths were being served on the premises. Aside from the fact that such evidence, standing alone, is not competent and in this case was evidently prejudicial, not a single person making such alleged complaints was presented to support the fact that he did so complain and give the reason therefor.
The appellant-licensee presented an imposing array of witnesses, consisting of members of the Police Department of the City of Pensacola, reputable business people of Pensacola who were regular patrons of the appellant, persons in regular employ of the appellant, and the manager-owner of the appellant corporation. The substance of the testimony of the disinterested witnesses is that appellant maintained an attractive and well-ordered place, that it was efficiently and carefully supervised, and that youths were not permitted to frequent it. The interested witnesses testified substantially to the same effect.
Police officials regularly performing their duties, and in a position to observe, testified that they had never observed any minors on the premises; that they had seen the proprietor refuse admittance to minors on many occasions; that such was the practice on his part and on the part of the other employees. The testimony fairly and without contradiction established that the proprietor or his assistant usually guarded the main entrance to keep minors out, regularly checked credentials of persons to establish their true ages, expelled minors from the premises, and maintained signs inviting attention to the fact that sales to minors were prohibited.
In evidence is a communication from a Senior Navy Shore Patrol Officer who had served in the Pensacola area, stating in part:
"Your cooperation and continuous effort in enforcing and unholding the rules and regulations set forth by the City, State and Naval District has enabled my staff and myself to successfully perform our duties."
Other letters in evidence include: One from the Assistant Chief of Police of Pensacola commending the proprietor for the manner in which the business is conducted; and likewise from the County Health Officer and a Jewish Rabbi.
Upon first considering the petition for writ of certiorari, the circuit court entered an order remanding the cause to the Beverage Director with instructions to make findings upon which his order suspending appellant's license was based. That order of the circuit court correctly held that the fact, standing alone, of a sale of alcoholic beverage to one who is discovered to be a minor does not necessarily constitute a sufficient ground for revocation *738 or suspension of a beverage license, and observed:
"The director should consider whether the Licensee acted knowingly, wilfully or negligently and whether it diligently undertook to prevent such occurrences. As the record now stands, this court is unable to determine from an examination of the findings made by the director whether he did consider the evidence in this light. The order under review contains only a finding that a sale of beer was made to named minors in violation of Section 562.11, Florida Statutes [F.S.A.]. There is, in fact, reason to believe that the director may not have applied to the evidence the principles delineated above."
Pursuant to this directive the Director filed findings of fact that the sale in question was "made negligently, without due care to diligently attempt to prevent such sales." The circuit court thereupon entered an order holding that the evidence adduced at the hearing was sufficient to support the Director's findings of fact and to warrant his order suspending the license. Accordingly, the writ of certiorari was denied and the petition therefor dismissed, hence this appeal.
The question for determination is whether the circuit court erred in holding that there was competent substantial evidence to sustain the finding and order of the Director of the State Beverage Department suspending appellant's license. The Director's findings of fact will not be disturbed on appeal unless it is made to appear: (1) that they are the product of passion or prejudice; or (2) that there is no competent substantial evidence in support thereof; or (3) that an erroneous rule of law was applied to the evidence.
The term "competent substantial evidence" has been defined as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred; that it is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion. De Groot v. Sheffield, Fla., 95 So.2d 912, 916. In that case our Supreme Court said:
"In employing the adjective `competent' to modify the word `substantial', we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. Jenkins v. Curry, 154 Fla. 617, 18 So.2d 521. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the `substantial' evidence should also be `competent'."
At the conclusion of the hearing in the case now on appeal the Director announced:
"Quite frankly, counsel, as a result of the testimony that I have heard here today, I found nothing in the testimony of Mr. Weissman or any of his witnesses to refute the charge as such and I believe the State has proven its case. For that reason I find the charge to be true."
It seems clear from this announcement that the Director strictly construed the evidence and in so doing concluded, as a matter of law, that since it was established that the three young men here involved were minors and that beer was sold to them on the premises, the licensee was necessarily negligent in permitting that to happen and, therefore, the license should be revoked or suspended, equitable consideration or extenuating circumstances notwithstanding. While we recognize that upon the circuit court's first order remanding the cause to the Director in order that essential findings of fact might be made, and that pursuant thereto he made the finding of negligence *739 which technically supported his order suspending the license, we are no less mindful that this belated finding was made in the perspective of the circuit court's order remanding the cause and the altogether human attitude to justify the action suspending the license. Hence the finding must be analyzed in the light of the clear implication of the above quoted initial expression of the Director, made in the climate of the freshly concluded hearing of the evidence.
In the leading case of Cohen v. Schott, Fla. 1950, 48 So.2d 154, 156, the facts strikingly parallel those in the case on review. There the beverage license was suspended because of a sale to minors. There, as in this case, the licensee operated a cocktail lounge and diningroom catering to a respectable patronage, conducted it in an approved and systematic way, and forbade his employees to make sales to persons under twenty-one or to admit them to the place of business for that purpose. Two persons who entered Cohen's diningroom were challenged and both asserted they were twenty-one years of age. They were then served alcoholic beverages. Shortly thereafter a deputy sheriff and police officer made a tour of the diningroom and the involved minors both first assured them that they were twenty-one, but later admitted that they were only nineteen. In reversing the circuit court's judgment dismissing the licensee's petition for certiorari the Florida Supreme Court, speaking through Mr. Justice Terrell, said:
"The law makes the sale of intoxicating beverages a legitimate business, imposes a high tax for the privilege of engaging in it and exacts a high degree of rectitude of those who do so. An inquisition into a charge of violating the conditions of one's license is in no sense criminal but equitable in nature and should be adjudicated on equitable principles." (Emphasis supplied.)
In that case the Supreme Court further held, and we do not depart therefrom, that the responsibility rests on the licensee to determine who are under the age of twenty-one, but that "to ascertain this there must be some reasonable standard of diligence to bound his inquiry."
Applying that rule to the facts in the case on review, we are compelled to conclude that there is no competent substantial evidence to support the finding of negligence as made by the Director and the order of suspension based thereon.
In Davis v. Noland, Fla. 1954, 70 So.2d 512, the Supreme Court affirmed without opinion a judgment of the circuit court setting aside an order of suspension made by the Director of the State Beverage Department. That appeal was taken from an order of the same circuit court as that from which this appeal is taken. This explains the fact that we find that the first order of the circuit court in this case, remanding the cause to the Director for findings of fact, adverted to the circuit court's decision in Davis v. Noland, rendered by the late and highly respected Judge Fabisinski, in which it is said:
"Counsel for respondent emphasized the difficulty of establishing the lack of vigilance upon the part of proprietors of such places as these, and that adverse decisions in cases where there is proof of sales made to minors, makes it almost impossible for the Department to enforce compliance with the law. The court recognizes the force of this argument, and yields to no one in its solicitude for the moral welfare of youth, and in its interest in the strict enforcement of these provisions of law. But it cannot accept the proposition that the fact, standing alone, that sales of prohibited beverages are made to minors, is sufficient to subject the seller to penalty. It must be made to appear that the sale was made knowingly and wilfully, or that it was made negligently, without *740 care to diligently attempt to prevent such sales."
Aside from the ultimate finding of negligence, the Director's amended findings of fact found, inter alia, that licensee's establishment
"* * * is a very popular restaurant and bar that is frequented by large crowds of people, including many of the police force and city officials of the City of Pensacola, prominent business and professional men of Pensacola and officers and members of the Armed Forces stationed at Pensacola Naval Air Station; that many of said patrons and persons doing business with said bar considered that the business is well run and orderly managed; that the Military Police and the Municipal Police Department find that Mr. Martin Weissman, President of said Corporation, is very cooperative; * * * that prior to July 26, 1957, an effort was made to prevent the service of alcoholic beverages to minors in that a few signs were placed on the inside of the premises stating that no sales to minors were allowed, Martin Weissman, the President, and his sister made an effort to check minors at the main entrance, usually during rush times, and Martin Weissman instructed his employees not to sell to minors; that on the night of July 26, 1957, about 11:00 P.M. Shelby Nelson Stewart, 16 years of age, Wilbur Walter Davis, 18 years of age, and Ronald Edward Swaine, 18 years of age, slipped into the Club Pigalle through a small door used for an emergency entrance and exit; that licensee's employee, name unknown, sold and served one malt beer each to said minors; that said minors were adult in height, weight and heaviness of beard, but said minors did not even look their age but looked like teenagers * * *"
The Director's finding also took into account the fact that subsequent to the hearing the licensee employed a person to stand on guard at all times at the main entrance of the establishment to screen minors from entering. While this expedient is evidence of a superabundance of caution, there is nothing in the statutes or in reason requiring that step to be taken by all such licensees in order to avoid an implication of negligence in the operation of such business; and there is nothing in the record of this cause indicating that licensee's operation reasonably required that exigency. All that is required is that the licensee take every reasonable precaution to prevent violations of law. Parenthetically, the question of what sort of supervision was provided at the main entrance to the premises is impertinent because the youths gained entrance by stealth through an emergency door rather than the entrance provided for the public. The legislature has not and the courts will not legislate a requirement that such establishments keep a guard at the main entrance in order to avoid an implication of negligence, much less at emergency entrances and exits.
Having concluded that the Director's order has no competent substantial evidence to support it, the circuit court's order of affirmance is vacated. See Florida Industrial Commission v. Nordin, Fla.App. 1958, 101 So.2d 890; Cohen v. State, Fla. 1957, 99 So.2d 563.
Reversed.
WIGGINTON, C.J., and DREW, E. HARRIS, Associate Judge, concur.