McCORD, Chief Judge.
Parker seeks review of a conviction for manslaughter under Section 860.01(2), Florida Statutes (1977). We affirm.
The evidence presented was sufficient to establish a prima facie case of manslaughter by motor vehicle while intoxicated. Accordingly, the trial court properly denied Parker’s motion for judgment of acquittal.
Parker also contends that the trial court erred in instructing the jury as to the presumption of intoxication pursuant to Section 322.262(2)(c), Florida Statutes (1977). On appeal, Parker, relying on Lytwyn v. State, 353 So.2d 222 (Fla. 1st DCA 1977), argues that this instruction was improper because the blood alcohol test given him was not given in accordance with Sections 322.261 and 322.262, Florida Statutes (1977). Parker objected before the trial court that the proposed instruction was improper because:
. [T]he presumption is only valid in cases where the Defendant is charged with driving while under the influence of alcohol to the extent that his or her normal faculties are impaired.
There was no objection to the instruction on the ground now raised that the blood alcohol test had not been administered in accordance with Chapter 322, Florida Stat *113 utes. Because Parker’s objection failed to adequately present the trial court with the putative error now urged, we find this issue has not been properly preserved for appellate review.
Further, we find that Parker’s contention that he was denied a fair trial by alleged improper remarks by the prosecutor during final arguments is without merit.
Accordingly, the judgment and sentence appealed are AFFIRMED.
ERVIN and MELVIN, JJ., concur.