403 So.2d 1077 (1981)
Joseph Hale TURK, Petitioner,
v.
STATE of Florida, Respondent.
No. OO-305.
District Court of Appeal of Florida, First District.
September 11, 1981.
*1078 William A. Bald of Pajcic, Pajcic, Dale & Bald, Jacksonville, for petitioner.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., for respondent.
PER CURIAM.
Joseph Hale Turk petitioned this Court for issuance of a writ of common law certiorari to review an order of the Circuit Court of the Fourth Judicial Circuit acting in its appellate capacity. The Circuit Court affirmed Turk's conviction in County Court for driving with an unlawful blood alcohol level. We grant the writ.
The only evidence of Turk's blood alcohol level was that shown by the result of an intoximeter test. Section 322.262(3), Florida Statutes (1977), provides:
Chemical analyses of the person's blood or breath, in order to be considered valid under the provisions of this section, must have been performed according to methods approved by the Department of Health and Rehabilitative Services and by an individual possessing a valid permit issued by the department for this purpose. The Department of Health and Rehabilitative Services is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the Department of Health and Rehabilitative Services. [Emphasis supplied].
During the trial the state introduced, over Turk's objections, documents appearing to be certificates registering the intoximeter used in testing Turk and establishing the qualifications of the persons operating the machine. Both documents were photographic copies bearing an original seal, but no original signatures. They were introduced through the testimony of an employee of the Sheriff's Department who testified that he was in charge of "maintaining" business records of the jail, but he was not the custodian of them. Furthermore, he testified that he obtained the documents from the custodian of them and that he knew they were copies of the original because they carried the seal of the agency, they were a matter of record with the Sheriff's Department, and "in numerous conversations that I have had with Officer Wilson [the custodian] he has assured me that is the authorization of the machine."
The trial court and the circuit court ruled that the documents were admissible under Sections 92.29 and 92.35, Florida Statutes (1977). In so ruling the circuit court stated, "These copies were properly qualified as having been reproduced in the regular course of business by either the Division of Health, or the Office of the Sheriff in the regular course of business of those organizations." We disagree. There is a total lack of evidence in this record as to how these documents came to be reproduced.
Section 92.35 provides that a copy of a public record kept in the regular course of business is as admissible in evidence as the original "when satisfactorily identified." In the instant case, there is no qualifying testimony by the custodian of the document as to how it came to be, who it came from, *1079 who reproduced it, or any other information which identifies it. Even if the document were, as the state contends, an original, there would have to be a proper predicate for its introduction. Section 92.36, relating to the admissibility of business records, requires that the custodian or other qualified witness testify "... to its identity and the mode of its preparation, and if it was made in the regular course of business... ." The witness's knowledge concerning the document was based totally on what he was told by the custodian, not on his own knowledge.
Finally, regarding the state's reliance on Section 92.18 and the fact that the document contained the imprint of an original seal, we note that 92.18, Florida Statutes (1977) relates to the "certificate of any state officer, under his seal of office...." Here, there is no certificate; there is just the seal. Based on our reading of Section 92.12, Florida Statutes (1977), had there been a certification, under hand and seal, of the officer who had custody of the original document, then the document would be as admissible as the original. There would, of course, still need to be a proper predicate for the admission of the original. This is consistent with the evidence code now in effect. Under Section 90.902 Florida Statutes (1979), a document is self-authenticated if it bears an authorized seal and a signature by the custodian of the document attesting to the authenticity of the seal.
Had the documents at issue been excluded at trial, the blood alcohol test results would not have been admissible since they are admissible only upon compliance with the statutory provisions and the administrative rules. State v. Bender, 382 So.2d 697 (Fla. 1980); Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979), rev'd on other grounds, 390 So.2d 62 (Fla. 1980); State v. Wills, 359 So.2d 566 (Fla. 2d DCA 1978).
The fact that an appellate court errs "does not necessarily mean that it has either exceeded its jurisdiction or departed from the essential requirements of law." Grandin Lake Shores Assoc., Inc. v. Underwood, 351 So.2d 1131 (Fla. 1st DCA 1977). Where, however, the judgment is without competent substantial evidence to support it, then it cannot and should not stand and affirmance of that judgment is a departure from the essential requirements of law. Cohen v. State, 99 So.2d 563 (Fla. 1957).
Accordingly, the petition for writ of common law certiorari is granted and the order of affirmance by the circuit court is quashed.
MILLS, ERVIN, and SHIVERS, JJ., concur.