405 So.2d 251 (1981)
Allen Ronald KUJAWA, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2332.
District Court of Appeal of Florida, Third District.
October 27, 1981.
Bennett H. Brummer, Public Defender, and Terry L. DeMeo, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before DANIEL S. PEARSON, FERGUSON, and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm Kujawa's convictions for two counts of manslaughter under Section 860.01(2), Florida Statutes (1977).
The trial court was unquestionably correct in admitting evidence that the weight of alcohol in Kujawa's blood, tested shortly after the carnage indisputably caused by the defendant's driving, was .23 per cent.[1] We reject Kujawa's argument that the licensed medical technologist who drew the defendant's blood was required to have a Department of Health and Rehabilitative Services permit in order to perform that task. A permit is required only of the individual who performs the chemical analysis of the blood drawn, and that requirement was satisfied in the present case. *252 Compare § 322.261(2)(b), Fla. Stat. (1977), with § 322.262(3), Fla. Stat. (1977).[2]
Kujawa's fallback argument against the admission of this evidence is that a blood test can only be administered to a person who is "so incapacitated as to render impractical or impossible" the administration of a chemical test of his breath. See § 322.261(1)(c), Fla. Stat. (1977). This argument is even less persuasive, since Kujawa, not incapacitated, was found by the trial court, upon more than ample evidence, to have freely and voluntarily consented to a blood test after being fully informed of his right not to consent. See State v. Mitchell, 245 So.2d 618 (Fla. 1971). It is sophistry to suggest that because under Section 322.261(1)(c), Florida Statutes (1977), an incapacitated person is deemed to have consented to the administration of a breath test, or, if impractical or impossible, a blood test, therefore a person who is not incapacitated may not give his actual consent.
We do not address the merits of Kujawa's other contention that the trial court erred in instructing the jury on the presumption found in Section 322.262(2), Florida Statutes (1977). Kujawa's sole objection to this instruction was that it was not applicable to a prosecution for manslaughter under Section 860.01, Florida Statutes (1977), which objection, as both the State and trial court pointed out at the charge conference, was foreclosed by State v. Fitzpatrick, 294 So.2d 708 (Fla. 4th DCA 1974). Kujawa stated no other ground of objection at trial[3] and, indeed, in his motion for new trial made no complaint at all about the instruction. He requested no additional instructions. On this appeal, he attempts to challenge the instruction on the ground that the presumption, as phrased, invaded the fact-finding function of the jury and lessened the prosecution's burden of proof. This ground was not asserted below and will not be considered by us on this appeal. Fla.R.Crim.P. 3.390(d); North v. State, 65 So.2d 77 (Fla. 1952), aff'd, 346 U.S. 932, 74 S.Ct. 376, 98 L.Ed. 423 (1954); Parker v. State, 369 So.2d 112 (Fla. 1st DCA 1979); Russell v. State, 270 So.2d 462, (Fla. 3d DCA 1972); Reis v. State, 248 So.2d 666 (Fla. 3d DCA 1971); Bertone v. State, 224 So.2d 400 (Fla. 3d DCA 1969); Shea v. State, 167 So.2d 767 (Fla. 3d DCA 1964).
Affirmed.
NOTES
[1] An alcohol content which the State's medical expert described as "the bottom level of a lethal dose," not to mention more than enough to materially impair the normal faculties of any person.
[2] § 322.261(2)(b), Fla. Stat. (1977), provides:

"Only a physician, registered nurse, or duly licensed clinical laboratory technologist or clinical laboratory technician, acting at the request of a peace officer, may withdraw blood for the purpose of determining the alcoholic content therein. Such withdrawal of blood shall be performed only at a hospital, clinic, or other medical facility. This limitation shall not apply to the taking of a breath specimen." (emphasis supplied).
§ 322.262(3), Fla. Stat. (1977), provides:
"Chemical analyses of the person's blood or breath, in order to be considered valid under the provisions of this section, must have been performed according to methods approved by the Department of Health and Rehabilitative Services and by an individual possessing a valid permit issued by the department for this purpose. ..." (emphasis supplied).
[3] Kujawa points to the fact that his counsel remarked with respect to the instruction: "... we feel it violates our client's constitutional rights." It is time to point out that such an objection is not, in our view, a distinct statement of grounds. A trial court should not be required to guess which phrase, clause, or amendment of the Constitution is offended.