414 So.2d 621 (1982)
Paul Joseph GRALA, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-704.
District Court of Appeal of Florida, Third District.
June 1, 1982.
Bennett H. Brummer, Public Defender and Lisa Bennett, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and JORGENSON, JJ.
HENDRY, Judge.
Paul Grala appeals from convictions on three counts of DWI manslaughter, [sec. 860.01(2), Fla. Stat. (1979)], and three counts of vehicular homicide, [sec. 782.071, Fla. Stat. (1979)], assigning as error the admission of blood alcohol test results, and the giving of a jury instruction on the statutory presumption of intoxication arising from the test.
The charges arise from a traffic accident about ten miles north of Key Largo in which the defendant's van crossed the center line and struck a car head-on, killing *622 three people. After he was taken to the hospital, a highway patrolman requested a blood sample from a doctor since the defendant smelled strongly of alcohol and was too incapacitated to submit to a breathalyzer test. An unknown person at the hospital drew the blood sample, which was given to Dr. Norman Lee, who is certified by the Department of Health and Rehabilitative Services to perform chemical analysis of blood samples. Dr. Lee's test of the defendant's blood revealed an alcohol level of .23 per cent.[1]
Pre-trial, the defendant moved to suppress the test results. This motion was denied, the trial court apparently concluding that withdrawal of the blood under a doctor's supervision satisfied the statutory requirements of section 322.261(2)(b), Florida Statutes (1979).
At trial, Dr. Lee testified to the test results and their significance. Three highway troopers handling the accident testified that the defendant smelled strongly of alcohol from some distance away, had watery, bloodshot eyes with dilated pupils, and a very pale face. All stated that in their opinion the defendant was very intoxicated. A paramedic and another witness confirmed this conclusion. The paramedic testified that the defendant was belligerent and had to be restrained from standing up despite two broken legs, one a compound fracture. The witness, who had been driving directly behind the car the defendant struck, also stated that the defendant's van had drifted over the center line at a strange angle shortly before striking the car, and that the victims' car was carefully driven well below the speed limit. The defendant took the stand in his own behalf and admitted having several drinks prior to the accident.
Without objection from the defendant, the trial court instructed the jury on the statutory presumption of intoxication where the level of alcohol in the blood is .10 per cent or more. The jury returned verdicts of guilty on three counts of DWI manslaughter and three counts of vehicular homicide. The court sentenced the defendant to three years imprisonment on the first count of manslaughter, and five years probation on the other two counts of manslaughter. Entry of sentence on the vehicular homicide counts was suspended.
On appeal, the defendant contends that the trial court erred in admitting the blood alcohol test results because there was no showing that the blood was withdrawn by a physician, nurse, or technician as required by section 322.261(2)(b), Florida Statutes (1979).
We agree that the test results were improperly admitted into evidence since the State, by failing to present evidence of the identity or qualifications of the person who withdrew the blood, did not comply with the statutory provisions pertaining to such tests. See State v. Bender, 382 So.2d 697 (Fla. 1980); State v. Wills, 359 So.2d 566 (Fla. 2d DCA 1978). We find, however, that this error was harmless due to the overwhelming evidence of intoxication aside from the results of the blood test, which evidence is sufficient to support a conviction. Sec. 59.041, Fla. Stat. (1981). See and compare Turk v. State, 403 So.2d 1077 (Fla. 1st DCA 1981). (where only evidence of defendant's blood alcohol level was shown by the results of intoximeter test and intoximeter was not properly documented, DWI conviction overturned).
A conviction of DWI manslaughter under section 860.01(2), requires direct proof that a death occurred, that the death resulted from operation of a vehicle by the defendant, and that the defendant was intoxicated at the time he operated the vehicle. Baker v. State, 377 So.2d 17 (Fla. 1979). See also State v. Harris, 348 So.2d 283 (Fla. 1977). A conviction under the vehicular homicide statute, section 782.071, requires proof of the death of a human being by the operation of a motor vehicle in "a reckless manner likely to cause the death of, or *623 great bodily harm to, another." McCreary v. State, 371 So.2d 1024 (Fla. 1979) (vehicular homicide, section 782.071, requires a lesser standard of proof for conviction than the manslaughter statute, section 782.07).
An examination of the evidence in a light most favorable to the State discloses that the defendant drove or drifted into the oncoming lane of traffic, failed to apply his brakes, and struck a vehicle head-on with sufficient force to kill three people and injure several others. Coupled with this conduct was the defendant's own testimony that he had at least three drinks prior to the accident, and the testimony by state troopers and others that the defendant was highly intoxicated, belligerent, had to be physically restrained from standing up despite two broken legs, one a compound fracture, had watery, bloodshot eyes with dilated pupils, appeared pale and had slurred speech. Such evidence of intoxication is properly considered as bearing on proof of recklessness. See Filmon v. State, 336 So.2d 586 (Fla. 1976), appeal dismissed, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977), and cases cited. We conclude that the totality of the circumstances was sufficient to demonstrate that a death occurred, that the death resulted from the operation of a vehicle in a reckless manner by the defendant, and that the defendant was intoxicated at the time he operated the vehicle. See McCreary v. State, supra; Filmon v. State, supra. Accordingly, the evidence was sufficient to support convictions for DWI manslaughter and vehicular homicide.
Grala's final contention, that the trial court erred in instructing the jury on the presumption found in section 322.262(2)(b), is not properly before us. Defendant's failure to object to this instruction below precludes us from considering this point, which is now raised for the first time on appeal. Fla.R.Crim.P. 3.390(d); State v. Jones, 377 So.2d 1163 (Fla. 1979); Castor v. State, 365 So.2d 701 (Fla. 1978); Kujawa v. State, 405 So.2d 251 (Fla. 3d DCA 1981), and cases cited.
Affirmed.
NOTES
[1] .23 per cent has been described as "the bottom level of a lethal dose," see Kujawa v. State, 405 So.2d 251 (Fla. 3d DCA 1981).