# DILLALO v. STATE OF FLORIDA

## Case No. 83-197-AC (F) 02

Fifteenth Judicial Circuit, Palm Beach County

December 16, 1983

### APPEARANCES OF COUNSEL

Office of the State Attorney for appellee.

**L. Anton Rebalko** for appellant.

### OPINION OF THE COURT

MAURICE J. HALL, Circuit Judge.

### *ORDER*

Appellant was convicted in county court of the civil traffic infraction of speeding. The trial court found Appellant guilty and fined him $100.00. Timely Notice of Appeal was filed. Although Appellant's Initial Brief was filed on August 19, 1983, to date an answer brief has not been filed by the State of Florida. At the trial Appellant properly preserved the issues now raised on appeal.

It is fundamental that a trial court's conclusions of fact come to an appellate court clothed with a presumption of correctness and that in testing the accuracy of such conclusions, the appellate court *must* interpret the evidence and all reasonable deductions and inferences which may be drawn therefrom in the light most favorable to the trial judge's conclusions. *Shapiro v. State*, 390 So.2d 344 (Fla. 1980).

Construed in this light, the evidence below could have reasonably convinced the trier of fact that Appellant operated his automobile at a speed(s) greater than that which was "reasonable and prudent under the circumstances"—as Appellant ran red lights being chased by a police vehicle.

Similarly, the fact that the witness' identification was less than conclusive does not render it insufficient as a matter of law to prove identification; rather, it was for the trier of fact to determine the relative probative value of that identification. *Downer v. State*, 375 So.2d 840 (Fla. 1979) and *Grech v. State*, 243 So.2d 216 (Fla. 3rd DCA 1971). *Contra*, see, *Anderson v. State*, 92 Fla. 477, 110 So.250 (Fla. 1926) and *Owens v. State*, 349 So.2d 197 (Fla. 1st DCA 1977). In the case sub judice the fact-finder found the evidence of identification to be sufficient.

Appellant contends, further, that the police officer's testimony regarding the Appellant's speed based upon the radar reading was inadmissible. Appellant essentially argues that the proper predicate or foundation was not laid. As Appellant points out, Section 316.1906 Florida Statutes (1981), specifically sets forth the mandatory predicate. This statutory framework is analogous to the predicate for the admissibility of breathalyzer results. Chapter 322, Florida Statutes (1981).

Although *State v. Wills*, 359 So.2d 566 (Fla 2d DCA 1978) dealt with noncompliance with the rules and regulations of the Department of Health and Rehabilitative Services, the Court held that failure to follow the plain wording of the statute renders the results inadmissible. See, also *State v. Bender*, 382 So.2d 607, 699 (Fla. 1980); *Grala v. State*, 414 So.2d 621 (Fla. 3rd DCA 1982); *Turk v. State*, 403 So.2d 1077 (Fla 1st DCA 1981); and *Gillman v. State*, 373 So.2d 935 (Fla. 2d DCA 1979). A similar result must apply in the instant case. The State of Florida failed to comply with the mandatory provisions of Section 316.1906, Florida Statutes (1981) and the trial court improperly allowed testimony based on the radar reading. Accordingly, it is hereby

ORDERED AND ADJUDGED that the finding of guilt and sentence below are REVERSED and REMANDED to the trial court for further proceedings consistent with this opinion.