MILLS, Judge.
Roper appeals from a conviction for driving while intoxicated, Section 316.1931, Florida Statutes (1983). He contends the trial court committed reversible error by refusing his request that the jury be instructed that the chemical test presumption contained in Section 316.1934, Florida Statutes (1983), did not mean, without more, he was intoxicated. He asserts further error in the trial court’s denial of his motions for judgment of acquittal. We find no error and affirm.
Section 316.193, Florida Statutes (1983), driving while under the influence (DUI), is a separate offense from Section 316.1931, DWI. For a conviction of DUI it must be shown the defendant was under the influence “to the extent that his normal faculties [were] impaired.” For a conviction of DWI it must be shown the defendant was under the influence “to such extent as to deprive him of full possession of his normal faculties.” Section 316.-1934(2)(c) provides that if a person’s blood alcohol level was 0.10 percent at the time of the incident, “that fact shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.”
The question essentially raised by Roper herein is whether it was harmful error for the trial court to instruct the jury as to the presumption contained in Section 316.-1934(2)(c), when from its language it appears to relate to the offense of DUI and not DWI. This question was also raised in Grata v. State, 414 So.2d 621 (Fla. 3d DCA 1982), Lytwyn v. State, 353 So.2d 222 (Fla. 1st DCA 1977), and Kujawa v. State, 405 *1274 So.2d 251 (Fla. 3d DCA 1981), but not answered because the defendants had not properly preserved their objections for purposes of an appeal.
However, in Kujawa v. State, supra, the court did state that the question of whether an instruction on the presumption statute is proper in a prosecution for DWI manslaughter was settled in the affirmative in State v. Fitzpatrick, 294 So.2d 708 (Fla. 4th DCA 1974). In Fitzpatrick, the court was presented with the issue of whether the trial court had erroneously dismissed the information against the defendant on the grounds that .18 percent blood alcohol level in and of itself was insufficient evidence of intoxication under the DWI statute. The Fourth District reversed the trial court stating:
“[Bjeing under the influence of intoxicating liquor” and “being intoxicated” are different terms and do not mean the same thing. This of course is true. However “being under the influence of intoxicating liquor to the extent that one’s normal faculties are impaired, or so as to deprive one of full possession of his normal faculties” is equivalent to “being intoxicated.” Clowney v. State, Fla. 1958, 102 So.2d 619. Thus, in the case at bar, if appellee had a breathalyzer reading of 0.18 per cent he is presumed to be under the influence to the extent his normal faculties are impaired, i.e., he is presumed to be intoxicated.
Relying on Kujawa v. State, we find no error in the trial court’s instructions to the jury, which merely tracked the language of' Section 316.1934. Alternatively, we find that if any error was committed it was harmless, taking into consideration the jury had before it the results of a valid blood alcohol test which showed Roper had at the time of his head-on collision with the deceased, Charles Oaks, a level of .250 of alcohol in his system, and testimony by Dr. Terrence Steiner of what the physical effects of such a level would be on the normal person.
Roper additionally contends the state failed to prove an essential element of the crime charged, namely; that he was driving the vehicle at the time of the accident. However, as pointed out by the case of Buenoano v. State, 478 So.2d 387 (Fla. 1st DCA 1985):
The standard of sufficiency of evidence applicable when a case is based upon circumstantial evidence is: “where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” McArthur v. State, 351 So.2d 972, 976 n. 12 (Fla.1977); Heiney v. State, 447 So.2d 210, 212 (Fla.1984), cert. denied, [469] U.S. [920], 105 S.Ct. 303, 83 L.Ed.2d 237 (1984). But the question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, the verdict will not be reversed on appeal. Heiney, id. at 212.
As there is competent evidence in the record to support the jury’s verdict of DWI sub judice, we affirm on this point.
Affirmed.
BOOTH, C.J., and WENTWORTH, J„ concur.