HURLEY, Judge.
The State appeals from an order granting the defendant’s motion to suppress physical evidence. We reverse the order and remand for trial.
Charles Albury was charged with trafficking in cannabis and conspiring to traffic in cannabis following an undercover operation staged by the Plantation police department. He filed a motion to suppress 291 pounds of cannabis, contending that the cannabis used by the Plantation police in their undercover operation was transferred to them by the Fort Lauderdale police department in violation of section 893.12(l)(a), Florida Statutes (1983). More specifically, he alleged that the cannabis was used as evidence in another criminal prosecution, but never disposed of as required by section 893.12(l)(a). That statute provides:
(1) All substances controlled by this chapter which may be handled, delivered, possessed, or distributed contrary to any provisions of this chapter and all such controlled substances the lawful possession of which is not established or the title to which cannot be ascertained are declared to be contraband, shall be subject to seizure and confiscation by any person whose duty it is to enforce the provisions, of the chapter, and shall be disposed of as follows:
*462 (a) Except as in this section otherwise provided, the court having jurisdiction shall order such controlled substances forfeited and destroyed. A record of the place where said controlled substances were seized, of the kinds and quantities of controlled substances destroyed, and of the time, place and manner of destruction shall be kept, and a return under oath reporting said destruction shall be made to the court or magistrate and to the United States Drug Enforcement Administration by the officer who destroys them.
We need not decide whether a section 893.12(1) violation exists to resolve this appeal because we find that suppression of evidence under the exclusionary rule is an inappropriate sanction for such an alleged statutory violation. The defendant in this case can show no prejudice from the alleged police misconduct nor has he established a violation of his constitutional rights. It is important to recall that the exclusionary rule was developed to deter police misconduct which results in constitutional violations. This was explained in United States v. Calandra, 414 U.S. 338, 347-48, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974), where the court said:
The purpose of the exclusionary rule is not to redress the injury to the privacy of the search victim.... Instead, the rule’s prime purpose is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures ....
The same rationale was restated in United States v. Leon, — U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), where the court noted that the application of the exclusionary rule had been limited to those instances “where a Fourth Amendment violation has been substantial and deliberate.” (Emphasis supplied).
The defendant in this case asks that the exclusionary rule be extended to apply to evidence which may have been acquired in violation of a state regulatory statute. We reject this proposition. Whether the benefits which might inure from such an exclusionary rule justify the attendant social costs is a question for the Legislature.
Accordingly, we reverse the suppression order and remand this cause for trial.
REVERSED AND REMANDED.
DOWNEY and BERANEK, JJ„ concur.