525 So.2d 509 (1988)
Gary RICE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-0120.
District Court of Appeal of Florida, Fourth District.
June 1, 1988.
Richard L. Jorandby, Public Defender, and Charles D. Peters, Asst. Public Defender, West Palm Beach, for appellant.
David H. Bludworth, State Atty., and Ellen D. Roberts, Asst. State Atty., West Palm Beach, for appellee.
STONE, Judge.
This is an appeal from a misdemeanor judgment and sentence. The county court has certified the following issue as one of great public importance:
WHETHER REFUSAL ON THE PART OF A LAW ENFORCEMENT AGENCY TO GIVE A PRE-ARREST BREATH TEST PURSUANT TO FLORIDA STATUTE *510 316.1932(1)(b)1 (1985) SHOULD BE CAUSE FOR DISMISSAL OF DRIVING WHILE IMPAIRED CHARGES OR SUPPRESSION OF EVIDENCE FOLLOWING THE LAW ENFORCEMENT AGENCY'S REFUSAL TO ADMINISTER A PRE-ARREST BREATH TEST.
We accept jurisdiction under rule 9.030(b)(4)(A), Florida Rules of Appellate Procedure.
A deputy sheriff observed the defendant Rice's car speeding and weaving. The vehicle was stopped, and the deputy noted a moderate to strong odor of alcohol on Rice's breath. The defendant's eyes were watery and bloodshot. The deputy also observed Rice having problems with balance and manual dexterity. The defendant acknowledged having consumed a "six pack" of beer.
The deputy asked Rice to take a roadside test and advised him of the options. The defendant interrupted and requested a "pre-arrest breath test." The deputy had never heard of this term before. The sheriff's office did not furnish its deputies with information or equipment for administering such a test. The deputy again offered defendant the option of a roadside test, which Rice performed improperly.
Rice was arrested at the scene for driving under the influence. He was transported to a "Batmobile" where he refused to take a chemical breath test, after having again requested a "pre-arrest" test. The officer on duty confirmed the observations of the arresting deputy respecting the defendant's appearance, responses, and condition, and the odor of alcohol.
The defendant filed a motion to dismiss the D.U.I. charges or to suppress all evidence observed or obtained after he was denied his request for a pre-arrest test.
It is undisputed that the Palm Beach Sheriff's Office did not have either a procedure or the equipment for offering roadside tests prior to an arrest.
Section 316.1932, Florida Statutes, provides:
(1)(a) Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state shall, by so operating such vehicle, be deemed to have given his consent to submit to an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood ... if he is lawfully arrested for any offense allegedly committed while the person was driving ... while under the influence of alcoholic beverages, chemical substances, or controlled substances. The breath test shall be incidental to a lawful arrest and administered at the request of a law enforcement officer who has reasonable cause to believe such person was driving .. . under the influence... . The refusal to submit to a chemical breath or urine test upon the request of a law enforcement officer as provided in this section shall be admissible into evidence in any criminal proceeding.
(b) 1. Notwithstanding the provisions of this section, a law enforcement officer who has reason to believe that a person's ability to operate a motor vehicle is impaired by alcohol or any chemical substance or controlled substance and that the person has been operating a motor vehicle during the period of such impairment may, with the person's consent, give, or the person may demand, a prearrest breath test for the purpose of determining if the person is in violation of s. 316.193(1), but the taking of such prearrest breath test shall not be deemed a compliance with the provisions of paragraph (a). The results of any prearrest test administered under this paragraph shall not be admissible into evidence in any civil or criminal proceeding... .
2. Prior to administering any prearrest breath test, a law enforcement officer shall advise the motor vehicle operator that he has the right to refuse to take such test, and, prior to administering such test, a law enforcement officer shall obtain the written consent of the motor vehicle operator.
The defendant contends that his rights under this statute have been violated. He argues that he has been deprived of the opportunity to obtain possible exculpatory *511 evidence  see Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)  and that the failure to offer the prearrest test created a prejudicial and coercive atmosphere which tainted his subsequent refusal to take a test. Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945). The state asserts that a prearrest test is not required where an officer has probable cause to make an arrest without a breath test. See 1975 Op. Att'y.Gen.Fla. 075-46 (Feb. 20, 1975). The state also makes the point that, in any event, the results of the prearrest test would not be admissible under any circumstances. § 316.1932(1)(b)1, Fla. Stat. (1985).
It is apparent that the statute makes no specific provision for the administration of roadside prearrest tests, nor does it provide for sanctions or remedies for the inability or failure of the authorities to furnish a test on demand. The parties also agree that there does not appear to be any regulations issued by the State Department of Health and Rehabilitative Services regarding the conduct of prearrest roadside tests.
Presently, results of chemical tests are frequently excluded from evidence where the authorities fail to comply with certain statutory and administrative requirements in administering a breath test. See Gulley v. State, 501 So.2d 1388 (Fla. 4th DCA 1987); State v. Roose, 450 So.2d 861 (Fla. 3d DCA), rev. denied, 451 So.2d 850 (Fla. 1984); State v. Potter, 438 So.2d 1085 (Fla. 2d DCA 1983); Campbell v. State, 423 So.2d 488 (Fla. 1st DCA 1982). But these cases are not controlling here, where the defendant does not seek suppression of improperly obtained test results.
Although we are concerned that there may be no remedy for the failure of a sheriff or police officer to comply with the statute, we do not consider the appellant's "fruit of the poisonous tree" argument to be persuasive in this case. See generally Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The suppression of evidence by use of an exclusionary rule is not an appropriate sanction for this statutory violation. See State v. Albury, 453 So.2d 461 (Fla. 4th DCA 1984). The purpose of a judicially imposed exclusionary rule is to deter police misconduct resulting in constitutional violations, or its equivalent. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). The inability of the deputy in this case to offer the prearrest test does not rise to such a level. Appellant's constitutional arguments are simply too speculative.
The judgment and sentence of the trial court are, therefore, affirmed.
ANSTEAD and DELL, JJ., concur.