WENTWORTH, Judge.
The state seeks review of a suppression order entered in a prosecution for driving under the influence of alcoholic beverages. The case is before this court upon certification by the county court pursuant to Fla.R. App.P. 9.030(b)(4)(B). We conclude that the court below erred by suppressing evidence of appellee’s refusal to submit to a breath test after arrest, and we therefore reverse the order appealed.
Appellee was stopped by a law enforcement officer who indicated that he suspected appellee of driving under the influence of alcoholic beverages. The court below found that appellee requested a prearrest breath test when he was stopped, but that the officer did not administer the requested test. After declining to perform any subsequent field sobriety tests appellee was arrested and transported to the county jail where he refused to submit to a postarrest chemical breath test. Appellee was charged with driving under the influence of alcoholic beverages and moved to suppress evidence as to his refusal to perform field sobriety tests or submit to the postarrest breath test. The court denied the motion as to the field sobriety tests but otherwise granted the motion, reasoning that since the prearrest breath test was not administered upon appellee’s request the state *1222 should be precluded from presenting any evidence as to appellee’s refusal to submit to the postarrest breath test.
Section 316.1932(l)(b)l, Florida Statutes, provides that:
... a law enforcement officer who has reason to believe that a person’s ability to operate a motor vehicle is impaired by alcohol or any chemical substance or controlled substance and that the person has been operating a motor vehicle during the period of such impairment may, with the person’s consent, give, or the person may demand, a prearrest breath test_ The results of any prearrest test administered under this paragraph shall not be admissible into evidence in any civil or criminal proceeding....
Although authorizing a suspect’s demand for a prearrest breath test, the statute contains no explicit directive that such a demand must be honored by law enforcement personnel. However, we find it to be a reasonable statutory inference that upon a suspect’s demand a prearrest breath test should be administered. But we agree with the recent decision in Rice v. State, 525 So.2d 509 (Fla. 4th DCA 1988), and conclude that the state’s failure to comply with this statutory obligation does not warrant the suppression of evidence regarding a postarrest breath test.
Section 316.1932 contains no express sanction for the failure to administer a requested prearrest breath test. Although the exclusionary rule may be applied to exclude reliable evidence,[1] this is a doctrine of constitutional import[2] intended to deter unwarranted violations of constitutionally protected rights of individual privacy. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). Even where there has been an antecedent constitutional violation, reliable evidence which ensues therefrom need not be suppressed if it was otherwise available or if the unlawful nexus has become sufficiently attenuated. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); also see Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319 (1920). A determination in this regard requires consideration as to the flagrancy of the antecedent misconduct. See United States v. Leon, supra.
In the present case the failure to administer a prearrest breath test did not violate any constitutional right or established protection of constitutional significance. Furthermore, any subsequent postarrest breath test would not have been tainted by the failure to administer a prearrest test. Section 316.1932(l)(b)l provides that the results of a prearrest test are not admissible in any civil or criminal proceeding, and such a test does not legally impact the reliability or trustworthiness of a postar-rest test. A prearrest breath test is not a statutory precondition for an arrest or the administration of a postarrest test, and any nexus between the two is insubstantial.
Section 316.1932(l)(a), Florida Statutes, establishes that the refusal to submit to a postarrest breath test shall be admissible into evidence in any criminal proceeding. Since appellee’s constitutional rights were not impaired, and there is no substantial nexus between the prearrest and postar-rest breath tests, the court should not have suppressed the evidence as to appellee’s refusal to submit to the postarrest breath *1223 test.[3]
The order appealed is reversed and the cause remanded.
MILLS and BARFIELD, JJ., concur.

. Suppression of evidence is also an appropriate remedy where the failure to comply with statutorily prescribed procedures affects the reliability and trustworthiness of the evidence. See e.g., State v. Roose, 450 So.2d 861 (Fla. 3d DCA 1984). The present case does not involve a failure to comply with prescribed testing procedures, or any other circumstance affecting the reliability or trustworthiness of the evidence.

. While the exclusionary rule is applied for violations of knock and announce statutes, these enactments have been characterized as embodying principles recognized at common law since at least the fifteenth century, see Miller v. United States, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958), and which are incorporated within the constitutional prohibition against unreasonable searches and seizures. See State v. Kelly, 287 So.2d 13 (Fla.1974), citing Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

. The parties do not argue, and we do not address, whether this evidence would be admissible in a proceeding for the revocation of appel-lee’s driver’s license.