## STATE OF FLORIDA v GOMISOR

### Case No. 88-30180 TC A02

County Court, Palm Beach County

August 17, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**Gregg Lerman,** for defendant.

### OPINION OF THE COURT

ROBERT S. SCHWARTZ, County Judge.

THIS MATTER WAS BEFORE THE COURT, pursuant to the Defendant's motion to suppress his breath test results, and the Court having heard testimony of witnesses, and argument of counsel, hereby denies the motion.

The facts of the case are that the Defendant, was arrested for DUI and given a breath test. Thereafter, he requested that he be taken to a

Doctor or other private concern, to have his blood drawn and tested. Deputy Swann, the arresting officer, asked the Defendant if he had any money for such a test, at which time the Defendant stated that he didn't. Thereafter, Deputy Swann refused the Defendant's request. When questioned by the Court, regarding whether he would have taken the Defendant for such a test had he possessed the necessary financial resources to pay for the test, Swann stated that he would not have. Deputy Swann explained further that he never heard of the law allowing for such a private test and there were no procedures in existence to accommodate a private test. Deputy Swann testified that he only asked the Defendant whether he had the means to pay for such a test to demonstrate to him the degree of his intoxication.

Florida Statute, section 316.1932(1)(f)(3) states, in pertinent part:

(A DUI suspect) may, at his own expense, have a . . . person of his own choosing administer a test in addition to the test administered at the direction of the law enforcement officer for the purpose of determining the amount of alcohol in his blood . . . .

The Defendant seeks to have the breath test results suppressed on two main grounds. First that he was denied the equal protection of the law on the basis of his financial status. This is asserted to be so because a suspect having the means to pay for the test would have been given the opportunity to possibly exculpate himself. The second ground in support of his motion is that there is a violation of statutory right for which there must be some remedy.

## I. EQUAL PROTECTION

There is insufficient evidence that the Defendant was denied the opportunity to take the private test on the basis of his status as an indigent. The unrefuted evidence is to the contrary, that no one is provided the means by the police to acquire a private test.

## II. VIOLATION OF A STATUTORY RIGHT

The statute in question by its very terms gives this right to a suspect at the same time it expressly denies the remedy sought by the Defendant:

. . . The failure or inability to obtain (such a test) shall not preclude the admissibility in evidence of the test taken at the direction of the law enforcement officer. 316.1932(1)(f)(3).

Further there is nothing in the statute that requires the police to assist a suspect in obtaining a private test, nor any procedures set up for the giving of such a test, nor is there any provision for any sanction

or remedy upon the police officers' failure to comply with such a request.

Presumably, if the police were to intentionally act to prevent the Defendant from taking a private test once the normal processing procedures were completed, (i.e., prolonging unnecessarily the booking and release procedures) Due Process might give the Defendant the grounds to have the police-directed test result suppressed. However there is no evidence that the police took such active measures to intentionally deprive the Defendant of a private test.

The Defendant cites *Gordon v State,* 378 S.E.2d 362 (Ga. App. 1989), a foreign case directly on point dealing with the violation of a remarkably similar Georgia statute. However, to the extent that this case should be instructive to the Florida Courts, it is distinguishable from the case at bar in the crucial respect that the police involved in that case took active steps to prevent the Defendant from securing a valid private test.

In two Florida cases, *Rice v State,* 525 So.2d 509 (4th DCA, 1988) and *State v Castillo,* 528 So.2d 1221 (1st DCA 1988), the Courts were asked to decide an analogous issue. In these cases, Defendants were denied their statutory right to receive pre-arrest breath tests. The Courts held tht although their statutory rights were indeed violated, and the Courts were

> . . . concerned that there may be no remedy for the failure of a sheriff or police officer to comply with the statute . . . (t)he suppression of evidence by the use of an exclusionary rule is not an appropriate sanction . . . (the purpose of which) is to deter police misconduct resulting in constitutional violations . . . (however the officer's conduct) does not rise to such a level. *Rice v State,* supra, at 511.

DONE AND ORDERED in West Palm Beach, Florida, this 17th day of August, 1989.