## STATE OF FLORIDA v SATZ
### Case No. 88-50AC10 (County Court Case No. 87-30380MM10)
Seventeenth Judicial Circuit, Broward County

August 7, 1990

### APPEARANCES OF COUNSEL

**James P. McLane, Esquire,** Assistant State Attorney, for appellant.
**Michael E. Dutko, Esquire,** for appellee.

### OPINION OF THE COURT

STANTON S. KAPLAN, Circuit Judge.

THIS CAUSE having come before this Court upon an appeal of the Trial Court's Judgment, and the Court having received and reviewed appellate briefs, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

### FINDINGS OF FACTS:

1. On December 13, 1987 the defendant, Stephen M. Satz, was

arrested for driving under the influence contrary to Florida Statute Section 316.193(1).

2. When the defendant was stopped, he was asked to perform roadside sobriety tests. Defendant obliged and performed the roadside tests. After several tests were conducted, the defendant demanded a pre-arrest breath test, pursuant to Fla. Stat. § 316.193(1)(b). The arresting officer did not comply with defendant's request for a pre-arrest test.

3. After refusing to submit to any other roadside tests, the defendant was placed under arrest. Defendant was then transported to the Batmobile where he refused to submit to a post-arrest breath test.

4. The trial court ruled that the officer's failure to conduct the requested pre-arrest test was a violation of the statute. The trial court noted that the statute provided no remedy for a violation but that, "fundamental fairness dictates that a remedy be fashioned."

5. The trial court suppressed any and all evidence concerning the defendant's refusal to take the post-arrest test.

## CONCLUSIONS OF LAW

1. Florida Statute 316.1932(b)(1) provides in pertinent part: ". . . a law enforcement officer who has reason to believe that a person's ability to operate a motor vehicle is impaired . . . may, with the person's consent, give, or the *person may demand* (emphasis added), a pre-arrest breath test . . . The results of any pre-arrest test shall not be admissible . . ."

2. The above provision, relating to a driver consenting to or demanding a pre-arrest test, has since been repealed by the legislature, effective July 1, 1988. *State v Perez,* 532 So.2d 961, n.2 (Fla. 1988).

3. However, prior to the statute's repeal, it did not contain any language or provide a specific remedy which would address what sanctions, if any, to impose when an arresting officer failed to administer a pre-arrest test.

4. The Fourth District Court of Appeals in *Rice v State,* 525 So.2d 509 (Fla. 4th DCA 1988) held that the application of the exclusionary rule is not an appropriate remedy for violation of the statute. The *Rice* Court stated: "Although we are concerned that there may be no remedy for failure of a sheriff or police officer to comply with the statute, . . . The suppression of evidence by use of an exclusionary rule is not an appropriate sanction for this statutory violation." *Supra,* at 511.

68

5. The exclusionary rule may be applied to exclude evidence which is not reliable, the exclusion is intended to deter unwarranted violations of constitutionally protected rights of individual privacy. *State v Castillo,* 528 SO.2d 1221 (Fla. 1st DCA 1988).

6. The failure to administer a pre-arrest test does not violate any constitutional right or established protection of constitutional significance, nor does the lack of such test legally impact the reliability or trustworthiness of a post-arrest test. *Castillo,* at 1222.

7. Accordingly, this Court finds that there is no substantial nexus between the pre-arrest and post-arrest test to warrant suppression. Neither defendant's constitutional rights or the reliability of the subsequent test are jeopardized by the officer's failure to administer a pre-arrest test. Even if the defendant would have been given the pre-arrest test, the results would not be admissible.

Therefore, based on the above case law and facts, the trial court's suppression is reversed and remanded.

WHEREFORE, it is ORDERED AND ADJUDGED that the Trial Court's Suppression is hereby REVERSED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 7th day of August, 1990.