## STATE OF FLORIDA v DURKEE (Consolidated)
### Case No. CJAP 90-09 and CJAP 90-48
Ninth Judicial Circuit, Orange County
December 6, 1990

### APPEARANCES OF COUNSEL

**Paula C. Coffman,** Assistant State Attorney, for appellant.

**Warren W. Lindsey, Esquire** and **Michael J. Snure, Esquire,** for defendants.

### OPINION OF THE COURT

R. JAMES STROKER, Circuit Judge.

These cases were consolidated for appeal on the issue of an arrestee's

right to receive an independent blood test upon request following arrest for driving under the influence.

Florida Statute 316.1932(1)(f)(3) relating to breath, blood, and urine tests for alcohol and chemical substances provides:

3. The person tested may, at his own expense, have a physician, registered nurse, duly licensed clinical laboratory technologist or clinical laboratory technician, or other person of his own choosing administer a test in addition to the test administered at the direction of the law enforcement officer for the purpose of determining the amount of alcohol in his blood or the presence of chemical substances or controlled substances at the time alleged, as shown by chemical analysis of his blood or urine, or by chemical or physical test of his breath. The failure or inability to obtain an additional test by a person shall not preclude the admissibility in evidence of the test taken at the direction of the law enforcement officer.

Each of the Appellees requested a blood test after being arrested for driving under the influence. Each was flatly refused the opportunity by law enforcement as a matter of departmental policy. No evidence was presented by the State in either case to indicate that the Appellees had done anything which would justify law enforcement's refusal. The sole issue presented, therefore, is what, if any, sanction is appropriate for such a refusal.

There is apparently no Florida case law directly on point. A similar issue has been resolved concerning a refusal by law enforcement to provide a *pre-arrest* breath test upon demand. Such a pre-arrest test is provided for in F.S. 316.1932(1)(b)(1). Appellate courts have ruled that the state's failure or refusal to comply with this provision does not rise to the level of a violation of constitutionally protected rights so as to warrant exclusion of the post-arrest test evidence. *Rice v State,* 525 So.2d 509 (Fla. App. 4th Dist. 1988), *State v Castillo,* 528 So.2d 1221 (Fla. App. 1st Dist. 1988). It was noted in those cases that the results of a pre-arrest test would not be admissible under any circumstances and that a pre-arrest test is not required for an officer to establish probable cause for a lawful arrest.

The refusal to afford a *post*-arrest blood test upon demand presents a different and more difficult issue. A criminal accused has a constitutional right to attempt to obtain exculpatory evidence. When the crime charged involves intoxication, the accused has the right to obtain a sobriety test independent of that offered by the arresting officer. The legislature has recognized this right and codified it in the statute in question. Where the state administered test result is afforded an

18

evidentiary presumption [F. S. 316.1934(2)] there can be little question concerning the importance of such an independent test to an accused. When the state unreasonably thwarts or interferes with that right in a post-arrest situation, it does violate the constitutionally protected right of due process.

In the first case under consideration (Weier), the trial court found a clear due process violation and determined "the only remedy is to grant the Motion to Dismiss." (Tr. Motion Hrg. P17) The order of that trial court is hereby *affirmed.*

In the Durkee case, the trial court focused on the words in the statute "by a person." It concluded that where the failure or inability to obtain an additional test was attributable to the defendant, the admissibility of the state directed test could not be successfully challenged. However, where the failure was attributable to the state it can preclude the admissibility of the state directed test. Although this analysis and conclusion is supported by case law in foreign jurisdictions, *Akin v State,* (Ga. App.) 387 S.E. 2d. 351; *State v McCrossen,* (Nis. SCt.) 385 N.E. 2d 161, cert. den. 479 U.S. 841; it flies in the face of the clear wording of the statute. It adds an element of causation or fault which does not exist and should not be judicially engrafted. Suppression of the results of the state directed test is not among the sanctions available to the trial court for the state's failure or refusal to provide for the additional test requested.

Accordingly, the order of the trial court granting the Defense Motion to Suppress is *reversed* and the cause *remanded* for further proceedings consistent with this order.

DONE AND ORDERED in Chambers, at Orlando, Orange County, Florida, this 6th day of December, 1990.