BARKDULL, Judge.
Following an automobile accident, the appellant was requested to take a blood alcohol test by an investigating officer, pursuant to Section 322.261, Florida Statutes (1977).[1] In this connection, the appellee *506 consented to permit his blood to be analyzed to determine alcoholic content. Notwithstanding the limited consent to test for alcohol, the State tested and determined that there was evidence of the drug metha-qualone contained within the blood of the appellee. He was thereupon charged in a fourrcount information with manslaughter and the information specifically referred to the drug methaqualone. He subsequently moved to suppress the results of the test which described the drug methaqualone. This motion was granted, and the State appeals. We affirm.
Florida having adopted an implied consent law through its Legislature, that law is to be strictly construed. The appel-lee only consented to have his blood tested for alcohol. When the State, through its agents, ran additional tests it went beyond the limited consent obtained pursuant to the statute and, therefore, the trial judge was correct in her order on the motion to suppress. See: People v. Keen, 396 Mich. 573, 242 N.W.2d 405 (1976); People v. Weaver, 74 Mich.App. 53, 253 N.W.2d 359 (1977); 1979 Op.Atty.Gen.Fla. 079-4 (Jan. 19, 1979).
We are not here faced with the Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966) situation, because the law enforcement officers did not proceed on the theory sustained in the cited case (even if such was viable in this State, which we do not here decide)[2]; they proceeded solely on the statute, Section 322.-261, supra. They received limited permission and anything obtained beyond the permissible test was properly the subject of a motion to suppress.
The order under review be and the same is hereby affirmed.
Affirmed.

. “Suspension of license; chemical test for intoxication. — (l)(a) Any person who shall accept the privilege extended by the laws of this state of operating a motor vehicle within this state shall by so operating such vehicle be deemed to have given his consent to submit to *506 an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood if he is lawfully arrested for any offense allegedly committed while the person was driving a motor vehicle under the influence of alcoholic beverages. . . . ”

. See: Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); Compare State v. Riggins, 348 So.2d 1209 (Fla. 4th DCA 1977), certiorari dismissed 362 So.2d 1056 (Fla.1978).