390 So.2d 62 (1980)
STATE of Florida, Petitioner,
v.
Terry Dale GILLMAN, Respondent.
No. 57740.
Supreme Court of Florida.
November 6, 1980.
Jim Smith, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for petitioner.
Jack O. Johnson, Public Defender, and Michael S. Becker, Asst. Public Defender, Bartow, for respondent.
OVERTON, Justice.
This is a petition for certiorari to review a decision of the Second District Court of Appeal, reported at 373 So.2d 935 (Fla. 2d DCA 1979), in which the court certified the following question to be of great public interest:
WHETHER A PERSON IN POSSESSION OF A LETTER FROM THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES AUTHORIZING HIM TO WORK IN THE CAPACITY OF A CRIMINAL LABORATORY TECHNICIAN IS A DULY LICENSED CRIMINAL LABORATORY TECHNICIAN FOR PURPOSES OF THE REQUIREMENTS OF SECTION 322.261(2)(b), *63 FLORIDA STATUTES (1977), SO THAT BLOOD ALCOHOL TESTS RESULTS OTHERWISE ADMISSIBLE MAY BE USED IN A CRIMINAL TRIAL.
We have jurisdiction, article V, section 3(b)(3), Florida Constitution (prior to April 1, 1980, amendment), and answer the question in the affirmative, finding that the Department's letter constituted a temporary license and therefore fulfilled the requirements of section 322.261(2)(b).
Respondent Gillman was the driver of an automobile involved in a two-vehicle collision which killed the second driver. Respondent was taken to a hospital for treatment, and, while there, a hospital employee withdrew a blood specimen at a police officer's request. Respondent made no objection. A biochemist later determined that the specimen's alcoholic blood content was.11%, .01% higher than the level of legal intoxication.[1] Moreover, an expert toxicologist approximated respondent's alcoholic blood content to be .18% at the time of the accident.
The employee withdrawing the blood sample was a medical technician and had worked at the hospital for about ten months. He had completed three years of college, one year of medical school technology, and was licensed by the American Medical Technologists. Although not permanently licensed by the state, the employee had received a letter from the Department of Health and Rehabilitative Services authorizing him to work as a clinical laboratory technologist while completing his one-year hospital internship, the requisite for taking the state examination for permanent certification.[2]
The respondent was charged and convicted of vehicular homicide and of motor vehicle manslaughter by intoxication. On appeal, the district court reversed the conviction and remanded the cause for a new trial,[3] holding that "[t]he state here failed to establish that [the employee] was a member of any of the classes of persons authorized by Section 322.261(2)(b) to withdraw blood samples." 373 So.2d at 937. We disagree.
This Court recently held in State v. Bender, 382 So.2d 697 (Fla. 1980), that when the state presents evidence of motor vehicle driver intoxication which includes an approved alcoholic test method, the test results are admissible only upon compliance with the statutory provisions and the administrative rules enacted thereunder. In so holding, we cited the instant district court decision. We agree with this general principle as expressed by the district court, but disagree with the court's application of the principle under the facts of this case. Section 322.261(2)(b) provides:
Only a physician, registered nurse, or duly licensed clinical laboratory technologist or clinical laboratory technician, acting at the request of a peace officer, may withdraw blood for the purpose of determining the alcoholic content therein. Such withdrawal of blood shall be performed only at a hospital, clinic, or other medical facility. This limitation shall not apply to the taking of a breath specimen. [Emphasis added.]
We construe this section in light of section 483.141, Florida Statutes (1977):
No person shall conduct a clinical laboratory examination or report the results of such examination unless he is licensed under this part to perform such procedures. However, this provision shall not apply to any practitioner of the healing arts authorized to practice in this state. The Department of Health and Rehabilitative Services may grant temporary licenses to candidates it deems properly qualified for a period not to exceed 6 months and for such additional 6-month *64 periods as it may decide. [Emphasis added.]
The present unrefuted facts reveal that although the hospital employee was not permanently licensed, he was temporarily authorized as a clinical laboratory technologist by HRS letter. We view this letter to be a temporary license in accordance with the provisions of section 483.141, and find that this temporary license complies with the "duly licensed" requirement set forth in section 322.261(2)(b). We conclude, therefore, that the employee was authorized and properly qualified to withdraw specimens for blood alcoholic determination.
As stated in State v. Bender, all motor vehicle drivers impliedly consent, by statute, to chemical blood analysis, and the partial purpose of section 322.261 is to guard the health of those individuals subjected to this analysis. Our holding today in no manner thwarts the section's purpose or violates any constitutional standard.
Having answered the certified question affirmatively, we quash the district court's decision on the licensing issue and remand for further proceedings consistent with this opinion. The district court's decision as to the appropriateness of respondent's sentence is not before us and consequently is unaffected by this decision.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] § 322.262(2)(c), Fla. Stat. (1977).
[2] HRS issues such letters authorizing trainees for six-month periods. See § 483.141, Fla. Stat. (1977). This was the employee's second letter.
[3] The district court also vacated the trial court's sentence because the sentencing judge considered respondent's election to stand trial rather than plead guilty in imposing a harsher penalty. This issue is not before us.