450 So.2d 861 (1984)
The STATE of Florida, Appellant,
v.
Randy Ray ROOSE, Appellee.
No. 83-1895.
District Court of Appeal of Florida, Third District.
March 13, 1984.
*862 Jim Smith, Atty. Gen. and Julie S. Thornton, Asst. Atty. Gen., for appellant.
Kenneth H. White, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The State appeals from an order suppressing the result of a blood alcohol test in a prosecution for manslaughter by operating a motor vehicle while intoxicated. The ruling was based upon the admitted fact that the defendant's blood sample was drawn by a hospital intern who did not qualify under Section 316.1932(1)(f)2., Florida Statutes (1983):
Only a physician, registered nurse, or duly licensed clinical laboratory technologist or clinical laboratory technician, or a paramedic certified as provided in s. 401.47[1] who is present at the scene of an accident for the purpose of rendering emergency medical service or treatment, acting at the request of a law enforcement officer, may withdraw blood for the purpose of determining the alcoholic content thereof or presence of controlled substances therein [footnote omitted].
We affirm the order below.
In Grala v. State, 414 So.2d 621 (Fla. 3d DCA 1982), we squarely held, as we do here, that the fact that the person who has drawn the defendant's blood is not statutorily authorized to do so fatally infects the reliability of the test results and renders them inadmissible into evidence.
On appeal, the defendant contends that the trial court erred in admitting the blood alcohol test results because there was no showing that the blood was withdrawn by a physician, nurse, or technician as required by section 322.261(2)(b), Florida Statutes (1979) [now 316.1932(1)(f)2.].
We agree that the test results were improperly admitted into evidence since the State, by failing to present evidence of the identity or qualifications of the person who withdrew the blood, did not comply with the statutory provisions pertaining to such tests.
414 So.2d at 622. Accord, State v. Gillman, 390 So.2d 62 (Fla. 1980); State v. Bender, 382 So.2d 697 (Fla. 1980); Campbell v. State, 423 So.2d 488 (Fla. 1st DCA 1982) (blood test inadmissible even though drawn by authorized person when taken without direction of law enforcement officer as statute requires); State v. Wills, 359 So.2d 566 (Fla. 2d DCA 1978); Lytwyn v. State, 353 So.2d 222 (Fla. 1st DCA 1977), cert. denied, 361 So.2d 835 (Fla. 1978); see Drury v. Harding, 443 So.2d 360 (Fla. 1st DCA 1983) (results admissible because test conducted in compliance with HRS rules deemed controlling as adopted before trial although after test); State v. Demoya, 380 So.2d 505 (Fla. 3d DCA 1980) (blood test inadmissible when not conducted in compliance with § 322.261 even if permissible under Schmerber v. California[2]). The state's reliance on State v. Gunn, 408 So.2d 647 (Fla. 4th DCA 1981) and Pardo v. State, 429 So.2d 1313 (Fla. 5th DCA 1983) is misplaced. These cases hold only that the officer's failure to advise the defendant of the consequences of a refusal to take an alcohol test does not render it inadmissible. They do not involve, as here, the violation of a legislatively-created standard relating both to the identity of those individuals exclusively authorized to invade the defendant's person and to the scientific trustworthiness of the results of that process.
The state argues that the only consequence of a non-compliance with the "technical" *863 prerequisites of Sec. 316.1932 is to preclude the automatic admissibility of the test results and the consequent applicability of the percentage presumptions created by Sec. 316.1934(2).[3] It contends that if, as it says is the case here, the blood test otherwise qualifies under Schmerber and the general rules of evidence governing scientific and expert testimony,[4] and even if it were secured in a non-statutory manner, the test should still be admitted for consideration by the trier of fact. While this contention is surely not unsubstantial,[5] it cannot be accepted. The position is supported only by Grant v. Brown, 429 So.2d 1229 (Fla. 5th DCA 1983), rev. denied, 438 So.2d 832 (Fla. 1983), which is self-avowedly based upon the fact that the case was a civil proceeding, and gratuitous dicta in Pardo v. State, supra, at 429 So.2d 1313. On the other hand, it is directly contrary to our decisions in Grala and Demoya, and the other district court opinions we have cited. More important, the express terms of the controlling statute mandatorily provide that "only" a designated person "may withdraw blood for the purpose of determining the alcoholic content thereof." Sec. 316.1932(1)(f)2. It is significant, more over, that this subsection has no equivalent to the provision of (f)3. that
[t]he failure or inability to obtain an additional test by a person shall not preclude the admissibility in evidence of the test taken at the direction of the law enforcement officer.
Finally, and alone sufficiently, the supreme court has precluded our acceptance of the prosecution's view. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). In State v. Gillman, supra, the court stated:
This Court recently held in State v. Bender, 382 So.2d 697 (Fla. 1980), that when the state presents evidence of motor vehicle driver intoxication which includes an approved alcoholic test method, the test results are admissible only upon compliance with the statutory provisions and the administrative rules enacted thereunder. In so holding, we cited the instant district court decision. We agree with this general principle as expressed by the district court.. . [e.s.]
390 So.2d at 63.
Affirmed.
NOTES
[1] There is no claim that the intern in this case was in any way certified under this provision as was the technician involved in State v. Gillman, 390 So.2d 62 (Fla. 1980).
[2] 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
[3] the results of any test administered in accordance with s. 316.1932 or s. 316.1933 and this section shall be admissible into evidence when otherwise admissible, and the amount of alcohol in the person's blood at the time alleged, as shown by chemical analysis of the person's blood or breath, shall give rise to the following presumptions:
(a) If there was at that time 0.05 percent or less by weight of alcohol in the person's blood, it shall be presumed that the person was not under the influence of alcoholic beverage to the extent that his normal faculties were impaired.
(b) If there was at that time in excess of 0.05 but less than 0.10 percent by weight of alcohol in the person's blood, such fact shall not give rise to any presumption that the person was or was not under the influence of alcoholic beverages to the extent that his normal faculties were impaired, but such fact may be considered with other competent evidence in determining whether the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
(c) If there was at that time 0.10 percent or more by weight of alcohol in the person's blood, that fact shall be prima facie evidence that the person was under the influence of alcoholic beverages to the extent that his normal faculties were impaired.
[4] Secs. 90.702-.705, Fla. Stat. (1983).
[5] See State v. Demoya, supra (Schwartz, J., dissenting).