PER CURIAM.
This is an appeal from a sentence in a robbery case. The maximum sentence for the crime committed is 15 years. Before trial, the court agreed to sentence appellant to only 10 years if he would plead guilty. He refused to plead and after trial the court told him:
THE COURT: Sir, let me state for the record that the reason for the additional five years, number one, we had to bring two witnesses from California when we were forced into trial position; number two, I was not formerly aware of the Defendant’s prior felony conviction. It was established per the Florida Rules of evidence during the trial that he did admit to a prior felony conviction. The Court took that into consideration. That was a new factor and finally the Court agrees with the Jury’s evaluation of the Defendant’s testimony on the stand. Those are the reasons for the enhancement.
While we do not disagree with the judge taking into consideration the earlier undisclosed prior felony conviction and the fact that he felt appellant had lied on the witness stand, we do find fault with “number one” from the quote. The factors that “we” had to bring witnesses from California (the record indicates Pennsylvania) and that “we” were forced into trial position are not valid considerations for sentencing purposes. We vacate the sentence, remand the matter to the trial court for resentenc-ing. See United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968); R.A.B. v. State, 399 So.2d 16 (Fla. 3d DCA 1981); Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979); McEachern v. State, 388 So.2d 244 (Fla. 5th DCA 1980).
Sentence vacated and remanded.
COBB, C.J., and DAUKSCH and SHARP, JJ., concur.