SHARP, Judge.
The state appeals from an order of the trial court which granted Counts’ motion to suppress the results of a blood alcohol test performed on Counts following a traffic fatality.[1] In this proceeding, Counts was being charged with manslaughter by driving while intoxicated.[2] He argues that because the blood test was taken by a first year resident physician, Moorefield, who had not then registered to become licensed by the State of Florida Board of Medical Examiners, the test was not admissible under section 322.261(2)(b), Florida Statutes (1981). We disagree and reverse.
At the time the blood test was made, section 322.261(2)(b) provided:[3]
Only a physieian, registered nurse, or duly licensed clinical laboratory technologist or clinical laboratory technician acting at the request of a peace officer, may withdraw blood for the purpose of determining the alcoholic content therein. Such a withdrawal of blood shall be performed only at a hospital, clinic, or other medical facility. This limitation shall not apply to the taking of a breath specimen.
This section has been construed by. our sister courts as barring the admissibility of blood tests taken pursuant to section 316.-1933(2)(a), Florida Statutes (1983) in criminal prosecutions where the statutory provisions were not met. State v. Roose, 450 So.2d 861 (Fla.3rd DCA 1984); Campbell v. State, 423 So.2d 488 (Fla.1st DCA 1982); Grata v. State, 414 So.2d 621 (Fla.3rd DCA 1982); State v. Demoya, 380 So.2d 505 (Fla.3rd DCA 1980).
However, we think section 322.-261(2)(b) was not violated in this case because the term “physician” encompasses the term “resident.” The term “physician” is not defined in Chapter 322. Falling back on the general meaning of the word, we note that resident is defined by Webster’s *570 New Collegiate Dictionary 977 (1981 ed.) as “a physician serving a residency.”
Counts argues that the proper definition for “physician” as used in Chapter 322 is the one appearing in section 458.-305(4), Florida Statutes (1981): “a person who is licensed to practice medicine in this state.” But that definition is expressly limited to its use “in this chapter,”[4] and clearly Chapter 322 is an entirely different chapter and subject matter.
Chapter 458 deals with the regulation of the practice of medicine in the state, through the mechanism of requiring practitioners to be licensed. That chapter, however, provides for categories of resident physicians who are not required to be licensed, under some circumstances. Section 458.345, Florida Statutes (1981) provides:
Every person practicing as a resident physician ... in this state shall register with the department_ Unless previously authorized by the board, no person may be employed as a house physician or act as a resident physician ... for more than two years without a license, except that resident physicians ... in approved training programs shall be exempt from this limitation....
The record in this case shows that Moorefield was a first year resident at the Orlando Regional Medical Center in orthopedic surgery. He had a medical degree from the Medical University of South Carolina, and he began working as a resident at the medical center on July 1, 1981. At the time he took the blood test on November 1981, he thought he had registered with the Medical Board through the hospital. Shortly thereafter he did register and became licensed.
Whether or not section 458.345 required Moorefield to register as a resident physician, we do not think it made him a non-physician. We note that the legislature used the terms “registered” before nurse and “duly licensed” before the two laboratory technicians in its description of persons who could take the blood tests under Chapter 322. But it did not say, as it could easily have done, “licensed” physician. We decline to read into Chapter 322.-261(2)(b) such an additional legislative requirement.
For the reason stated in this opinion the order appealed suppressing the blood test evidence is
REVERSED.
COBB, C.J., and ORFINGER, J., concur.

. Fla.R.App.P. 9.140(c)(1)(B).

. § 860.01(2), Fla.Stat. (1981). This section is now section 316.1931, Florida Statutes (1983).

. Section 322.261(2)(b), Florida Statutes (1981), has been amended and is now found under section 316.1933(2)(a), Florida Statutes (1983). Section 316.1933(2)(a), provides:
Only a physician, registered nurse, or duly licensed clinical laboratory technologist or 457 So.2d — 14 clinical laboratory technician, or a paramedic certified as provided in s. 401.47 who is present at the scene of an accident for the purpose of rendering emergency medical service or treatment, acting at the request of a law enforcement officer, may withdraw blood for the purpose of determining the alcoholic content thereof or the presence of controlled substances therein.

. § 458.305, Fla.Stat. (1981).