LETTS, Judge.
In this case, the defendant was charged and convicted of vehicular homicide. He appeals claiming that the nurse who drew *11 his blood at the hospital was not a registered nurse as required by section 316.-1932(l)(f)(2), Florida Statutes (1983) and, therefore, the results of the blood sample showing the blood alcohol concentration at .063 was not admissible. We disagree and affirm the conviction.
Defendant was driving a motorcycle on which the deceased was a passenger. The accident occurred because the defendant was performing a “wheelie,” a show-off performance where the driver lifts the front wheel off the ground while accelerating.
The defendant’s blood sample was drawn at the hospital allegedly by a “practical nurse.” In fact, she was already a graduate nurse, was allowed to function as a registered nurse, had received her diploma (an A.S. Degree in Nursing), had already passed her boards and was only waiting to receive her registered license which arrived exactly two days after the blood sample was drawn. As the supreme court noted in State v. Gillman, 390 So.2d 62, 64 (Fla.1980), “the partial purpose of section 322.-261[1] is to guard the health of those individuals subjected to this analysis. Our holding today in no manner thwarts the section’s purpose_” (emphasis supplied) Based on Gillman, we have no reason not to arrive at the same conclusion in the case before us.
AFFIRMED.
GLICKSTEIN and BARKETT, JJ., concur.

. Section 322.261 deals with the refusal to submit to a blood test as provided in section 316.-1932.