PER CURIAM.
Prior to trial appellant was offered a negotiated plea of straight probation without any jail time as a condition of probation. Nevertheless, appellant elected to go to trial and was convicted of possession of cocaine and possession of drug paraphernalia.
The trial court sentenced appellant to two years’ probation, with the special condition of ten months’ incarceration in the county jail on the possession of cocaine count, and time served on the possession of drug paraphernalia count. Throughout the sentencing proceeding, the trial judge reminded appellant that he had been offered a lenient sentence if he pled guilty, but appellant chose not to accept that and insisted upon a trial. It appears clear from the colloquy between the court and appellant that the appellant received a more *1168 severe sentence by electing to go to trial rather than submitting a guilty plea.
No extended citation of authority is necessary to show that the court may not punish a defendant for going to trial as opposed to “pleading out.” He has a constitutional right to trial and may assert it with impunity vis-a-vis the ultimate sentence to be imposed. Baker v. United States, 412 F.2d 1069 (5th Cir.1969); Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979), quashed on other grounds, 390 So.2d 62 (Fla.1980).
In view of the foregoing, we reverse the sentence appealed from and remand the cause for resentencing in conformity with this opinion.
DOWNEY and WALDEN, JJ., and McNULTY, JOSEPH P., Associate Judge, concur.