561 So.2d 19 (1990)
James ALBRITTON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1501.
District Court of Appeal of Florida, Fifth District.
May 10, 1990.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
James Albritton appeals his conviction for DUI manslaughter. He contends that the trial court erred in permitting into evidence the results of his blood test in contravention to Section 316.1932(1)(f)2, Florida Statutes (1987). We agree and reverse.
*20 As a precondition to the introduction of the results of blood tests, the blood must be withdrawn only by certain named professionals including "duly licensed clinical laboratory technologists or clinical laboratory technicians." The state failed to prove that at the time the blood was withdrawn in this case, the technologist was in fact licensed. The statute must be strictly construed, and the fact that a statutorily unauthorized person withdrew the blood renders the results inadmissible. State v. Roose, 450 So.2d 861 (Fla. 3d DCA 1984), rev. denied, 451 So.2d 850 (1984).
REVERSED.
DANIEL, C.J., and DAUKSCH, J., concur.