647 So.2d 1006 (1994)
Michael CAVALLARO, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1153.
District Court of Appeal of Florida, Third District.
December 21, 1994.
Glass & Rastatter, P.A. and Patrick C. Rastatter, Ft. Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., and Fleur J. Lobree, Asst. Atty. Gen., for appellee.
Before BARKDULL, COPE and GODERICH, JJ.
COPE, Judge.
Defendant appeals his conviction of maintaining a gambling house and the final sentencing order thereon. We affirm in part and reverse in part.
With respect to the trial phase of this case, we find no error. However, we do find merit in the defendant's claim of error with respect to the sentencing order and remand for a new sentencing proceeding.
At the sentencing hearing, the trial court engaged in a colloquy with a character witness in which the court indicated that defendant had not accepted responsibility for his actions "by going to trial, denying all guilt and coming in here and saying but I didn't do anything wrong." He stated the defendant had "trie[d] to hornswoggle the jury into believing he's innocent." Moreover, the trial court found fault that the defendant had failed to accept a plea bargain and stated that defendant had failed to show remorse by his decision to engage in "a continued series of legal manipulations,[1] if you will, to avoid fessing up for lack of a better word."
A party's decision to go to trial rather than accept a plea bargain is not punishable *1007 by the imposition of a harsher sentence as to do so would impinge on the constitutional right to trial by jury. City of Daytona Beach v. Del Percio, 476 So.2d 197, 205 (Fla. 1985); Gallucci v. State, 371 So.2d 148, 150 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1194 (Fla. 1980); Weathington v. State, 262 So.2d 724, 725 (Fla. 3d DCA), cert. denied, 267 So.2d 330 (Fla. 1972), cert. denied, 411 U.S. 933, 93 S.Ct. 1905, 36 L.Ed.2d 393 (1973).
Additionally, a party's decision to exercise his or her right to jury trial cannot be viewed as a showing of lack of remorse. As was well set forth by the Second District in Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979), quashed on other grounds, 390 So.2d 62 (Fla. 1980):
"Repentance has a role in penology. But the premise of our criminal jurisprudence has always been that the time for repentance comes after trial. The adversary process is a fact-finding engine, not a drama of contrition in which a pre-judged defendant is expected to knit up his lacerated bonds to society.
* * * * * *
Moreover, the refusal of a defendant to plead guilty is not necessarily indicative of a lack of repentance. A man may regret his crime but wish desperately to avoid the stigma of a criminal conviction."
Id. at 938-39 (quoting Scott v. United States, 419 F.2d 264, 270-271 (D.D.C. 1969)).
It is clear that defendant's rejection of the prosecution's plea offer and his decision to go to trial were held against him at sentencing. In accordance with the cited authorities we reverse the adjudication of guilt[2] and the sentencing order and remand for a new sentencing proceeding before a different judge.
Reversed and remanded with instructions.
NOTES
[1] At trial defendant did not put on any evidence or witnesses, but merely argued that the State had failed to meet its burden of proof.
[2] Because defendant has no prior record, a material issue for sentencing was whether to withhold adjudication of guilt. We vacate the adjudication so that that issue can be considered at the new sentencing hearing. We intimate no view on the merits of the question whether adjudication should be withheld or imposed.