679 So.2d 831 (1996)
Wayne JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1634.
District Court of Appeal of Florida, First District.
September 4, 1996.
*832 Nancy A. Daniels, Public Defender; Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant seeks review of his sentence, imposed following a jury trial which resulted in a conviction for battery on a law enforcement officer. He asserts that he is entitled to have his sentence vacated, and to be resentenced by another judge, because the "sentence was imposed, to some degree, to punish him for having exercised his right to a jury trial."
The transcript of appellant's sentencing reflects the following exchange before the trial court pronounced its sentence:
THE COURT: Let me make sure where we are. This case went to a jury trial.
[DEFENSE COUNSEL]: Yes, Your Honor.
THE COURT: This was a case in which one of the parole officer type personnel is in a hearing, and he belts her right there in front of all these witnesses. And we go to trial. How long was the jury out?
[PROSECUTOR]: A little over an hour, I believe, Judge.
THE COURT: Just enough time to have each one of them mumble something and turn around and come back.
We're happy to talk about sorry about this, that and the other, hoping maybe the jury will give us a jury pardon. The jury didn't give us a jury pardon. We spent a whole day, brought them in, the whole nine yards on an absolutely indefensible case, just so I guess somebody could go back out to the jail and macho pose and say I had my trial by jury.
Now we get to the business end of it, where it wasn't all that bad or what have youand that should not be critical to you, I know you don't make those decisions but insofar as the individuals are concerned, I don't know what goes through their heads out there sometimes.
[DEFENSE COUNSEL]: Your Honor, you're absolutely correct.
THE COURT: When you have an indefensible case, you can't do like private counsel, and say I'm out of here. You have through [sic] go through the valley of death and try the thing. But it amazes me that some of these things go on.
But go ahead. I know your job is to try to minimize. I will be very candid, what I see is an absolutely indefensible case by someone who has a felony record that stretches off into the distance, who had an indefensible case and put us through going through a whole trial, I guess so he could talk about it. When there was an offer on the table he decided to turn down. Now it's time to pay the piper.
We agree with appellant that the foregoing comments by the trial court may reasonably be read to suggest that appellant's sentence *833 was the result, at least in part, of his decision to exercise his constitutional right to insist on a jury trial. Accordingly, in an abundance of caution, we vacate appellant's sentence, and remand with directions that appellant be resentenced by another judge, to be assigned by the chief judge of the circuit. E.g., A.S. v. State, 667 So.2d 994 (Fla. 3d DCA 1996); Cavallaro v. State, 647 So.2d 1006 (Fla. 3d DCA 1994); Pasley v. State, 559 So.2d 1167 (Fla. 4th DCA 1990); Webb v. State, 454 So.2d 616 (Fla. 5th DCA 1984); Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979), reversed on other grounds, 390 So.2d 62 (Fla. 1980); Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979), cert. denied, 383 So.2d 1194 (Fla.1980).
CONVICTION AFFIRMED; SENTENCE VACATED and REMANDED, with directions.
ALLEN, J., concurs.
LAWRENCE, J., dissents with written opinion.
LAWRENCE, Judge, dissenting.
Wayne Johnson (Johnson), on August 22, 1994, in the Leon County Detention Facility, during a violation-of-control-release hearing, called his parole supervisor, Ms. Jones, who was testifying at the time, a "liar" and a "bitch," screamed that he was going to "f___ [her] up" and "take [her] head off," jumped a table separating him from her, and punched her in the left eye and kicked her in the left knee and leg before he was subdued, all the time trying to continue his attack upon the witness. Johnson's attack on Ms. Jones was witnessed by a room full of people.
Johnson declined a pretrial plea offer of five years in prison. The jury found Johnson guilty of battery on a law enforcement officer. Johnson, as an habitual offender, was eligible to be sentenced to a maximum of ten years in prison. The trial judge instead sentenced Johnson to eight years.
I of course agree that a harsher sentence may not be imposed based on a defendant's exercise of his constitutional right to a jury trial. I disagree however with the majority's interpretation of the trial judge's statement at sentencing:
I will be very candid, what I see is an absolutely indefensible case by someone who has a felony record that stretches off into the distance, who had an indefensible case and puts us through going to trial, I guess so he could talk about it. Where there was an offer on the table he decided to turn down. Now it's time to pay the piper.
The judge's comments in my view merely show an appropriate concern for the time and energy spent by so many people, only to culminate in a predictable result. This is different from expressing a view that Johnson is not entitled to exercise his right to a trial by jury. The judge's statements simply express his frustration over the burgeoning case load in most circuits, and the inability of the criminal justice system to process cases in a timely way. It is a rare judge who has not shared and expressed these same sentiments. Johnson's trial counsel even agreed with the trial judge: "Your Honor, you're absolutely correct."
The majority chooses to interpret the trial judge's remarks as an indication that Johnson was being punished for exercising his right to a jury trial. A judge's sentencing decision however is often influenced by a plea agreement. Plea agreements, although made for justifiable reasons, usually result in a less severe sentence than one based solely on punishment, deterrence and rehabilitation. The trial judge can exercise his freedom to impose a sentence based solely on the traditional notions of punishment, deterrence, and rehabilitation in only a small percentage of casesthose that result in a jury verdict of guilty, and those where there is a non-negotiated (straight) plea to the charge. The trial judge, had he accepted a plea agreement for five years in the instant case, ordinarily would have been bound to impose it. When Johnson was convicted as charged by a jury however, the shackles binding the trial judge to a reduced sentence were broken and he was free to impose a sentence based upon Johnson's offending conduct and Johnson's criminal history. The trial judge's complained-of statement merely recognizes that he was now free to impose an appropriate sentence, unburdened by a plea agreement.
*834 The trial judge at no time said that, in imposing sentence, he was taking into consideration the fact that Johnson had exercised his right to trial by jury. The record in fact belies that notion. The trial judge imposed a sentence of eight years in prison when he could have imposed ten years in prison, despite that the prosecutor passionately pleaded for the maximum sentence:
Judge, the State is very troubled by this case, for the same reasons outlined by the Court. What we've got here is a parole hearing in the middle of which the defendant doesn't like the way things are going, so he jumps up and he slugs his parole officer and he kicks her.
Your, Honor, in the PSI, the victim, Carol Lee Jones, describes the defendant as what she calls a rageholic. She refers to his escalating pattern of criminal behavior, which has gotten up into violent towards not just any citizen, but towards law enforcement officers.
Also contained in the PSI, Your Honor, is a statement from the parole hearing officer, Harry Green, who describes this case as an outrage. And the State agrees with Mr. Green's assessment of this case as an outrage. It is outrageous behavior.
Because it is outrageous behavior, Your Honor, and because he qualifies, Your Honor, that is why the State is seeking the maximum penalty Florida Statutes allows under the habitual offender statute.
The State is seeking ten years. The State is asking this Court to sentence Mr. Johnson to 10 years as a habitual offender.
Moreover, the State is requesting that the Court sentence Mr. Johnson to 10 years as a habitual felony offender consecutive to his parole revocation, his controlled release violation, thereby denying him any credit for time served that he has up to this date.
The record does not reflect the complete criminal history which was available at sentencing, but it does reflect that Johnson previously was convicted of burglary of a structure, grand theft, and possession of drug paraphernalia. Based upon Johnson's conduct in the instant case and his criminal history, a sentence of ten years would have been very appropriate. I thus dissent from majority decision concluding that the trial judge punished Johnson for exercising his right to a jury trial. Johnson indeed was fortunate in receiving only eight years in prison.
I also dissent from the majority's appointment of a new judge for resentencing. Neither the majority nor counsel for the parties have cited any case from this court which would require a new sentencing judge. Of the six cases cited by the majority from other courts, three did not require the appointment of a new sentencing judge. Appellate courts routinely find error on the part of trial judges and require reconsideration, without appointment of a new judge. We should not assume from the record in this case that the trial judge cannot be fair and impartial in resentencing, especially when the record demonstrates that Johnson received less than he deserved at the initial sentencing.
I would affirm both the judgment and the sentence in this case.