HARRIS, J.,
dissenting.
• I cannot, in truth, dispute the majority’s contention that the record does not reveal that the trial court sentenced more harshly because Dixon demanded a speedy trial. But the trial court went out of its way to suggest that it might have.
Dixon was convicted of robbery with a firearm and aggravated assault and was sentenced to the maximum sentence. The issue on appeal is whether statements made by the court prior to and after sentencing reflect that the maximum sentence may have been imposed, at least in part, to discourage Dixon and others from exercising the right to a speedy trial.
After Dixon was convicted, the court stated: “You ask for a speedy trial and you get one.” Following sentencing, the court stated: “And when you get back over to the jail you can tell your partner, he’s asked for a speedy trial, I believe, too, and you should have listened to your lawyer when she told you to abandon your speedy trial request, but you didn’t do it, you got a speedy trial and now by this time tomorrow you will be speedily at the state penitentiary for the next 102 months.”
It is apparent that this judge does not like to see defendants demand speedy trials and that he wants this message made clear to this defendant and his “partner” who was in jail awaiting trial and who had also demanded a speedy trial. As stated by the United States Supreme Court in Offutt v. United States, 348 U.S. 11, 13, 75 S.Ct. 11, 99 L.Ed. 11 (1954):
The vital point is that in sitting in judgment ... the judge should not himself give vent to personal spleen or respond to a personal grievance. These are subtle matters, for they concern the ingredients of what constitutes justice. Therefore, justice must satisfy the appearance of justice.
Here, Dixon was made aware that by demanding a speedy trial he had upset the judge who had within his power the discretion to sentence within a rather broad range. The judge then entered the maximum sentence and directed Dixon to advise his co-defendant who had also demanded a speedy trial of the consequences. I do not know whether the judge would have imposed the severest sanction at his disposal for this offense had Dixon not demanded a speedy trial. Dixon clearly feels that the judge was extracting revenge. As Francis Bacon observed in Of Revenge, “Revenge is a kind of wild justice, which the more man’s nature runs to, the more ought law to weed out.” Whether revenge in this ease was actual or merely perceived, the judge’s criticism of Dixon’s exercise of his legal rights was improper and supports the impression that Dixon was being punished for his insistence on his rights.
There is little difference in a defendant’s exercising his right to a speedy trial and his right to a jury trial. In neither case should defendant’s decision be reflected in his sentence. See Johnson v. State, 679 So.2d 831 (Fla. 1st DCA 1996); Gallucci v. State, 371 So.2d 148 (Fla. 4th DCA 1979). Further, a review of the record should not focus on whether it proves improper motivation for the sentence; it should focus instead on whether it supports an appearance of improper motivation.