926 So.2d 475 (2006)
Fredrick MOORER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1350.
District Court of Appeal of Florida, First District.
April 21, 2006.
Nancy A. Daniels, Public Defender; David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
*476 BENTON, J.
Fredrick Moorer appeals his conviction for possession of cocaine, and the prison sentence he received. We affirm the conviction on the authority of State v. Frierson, 926 So.2d 1139, 1141, 2006 WL 300660 (Fla. Feb. 9, 2006), but vacate the sentence and remand with directions that he be resentenced by another judge because the trial judge's comments at sentencing "may reasonably be read to suggest that appellant's sentence was the result, at least in part, of his decision to exercise his constitutional right to insist on a jury trial." Johnson v. State, 679 So.2d 831, 832-33 (Fla. 1st DCA 1996).
Various members of the family and others addressed the trial court at the sentencing hearing, requesting that Mr. Moorer be placed on probation for what was his first felony conviction. Among them was his wife, who told the court he was a hard worker, a good father, and a "homebody," and that she was struggling with their two children on her own. The trial judge responded[1] at length, saying, "This case, quite honestly, should have never been tried, but it was tried because he wanted it tried. I don't get it. We've got hundreds of cases that are set for trial," and that Mr. Moorer "didn't have enough integrity to step up and accept responsibility, . . . we tried a case that should have been resolved on docket day" "without a trial." Before pronouncing sentence, the trial judge told Mrs. Moorer that her husband had "put you and your family and friends [through] having to come up here and . . . you're going to suffer because of what he did and because he wasn't man enough to step up."[2]
*477 Referring to trial by jury, the learned trial judge said, "This way of resolving cases is causing a problem." "A trial court violates due process by using a protestation [or plea] of innocence against a defendant [during the] penalty phase[.]" Holton v. State, 573 So.2d 284, 292 (Fla. 1990). "A defendant has the right to maintain his or her innocence and have a trial by jury. Art. I, § 22, Fla. Const." Id. "The fact that a defendant has pled not guilty cannot be used against him or her during any stage of the proceedings because due process guarantees an individual the right to maintain innocence[.]" Id. A defendant should not be punished for exercising his constitutional right to stand trial before a jury of his peers, and this is so even when asking for a trial is not "the sole reason for the severity of [the] sentence." Gillman v. State, 373 So.2d 935, 939 (Fla. 2d DCA 1979), quashed on other grounds, 390 So.2d 62 (Fla.1980).
The trial judge insisted in his denial of Mr. Moorer's 3.800 motion that his comments at sentencing did "not demonstrate that the Court was punishing the Defendant for exercising his right to trial, but instead highlight, for the benefit of those calling for leniency, the Defendant's failure to take responsibility for his actions." In context, the distinction drawn is a subtle one, indeed. A defendant's "failure to take responsibility" by pleading guilty is an impermissible consideration in sentencing. See Cavallaro v. State, 647 So.2d 1006, 1007 (Fla. 3d DCA 1994) ("[A] party's decision to exercise his or her right to jury trial cannot be viewed as a showing of lack of remorse."); Gillman, 373 So.2d at 938 (reversing where sentencing judge commented that defendant should have "acknowledged your responsibility and . . . entered a guilty plea to the charges as opposed to requiring a jury to determine your guilt, because ... for whatever reason you continued to be unable to accept responsibility"). The trial judge's comments "may reasonably be read to suggest that appellant's sentence was the result, at least in part, of his decision to exercise his constitutional right to insist on a jury trial." Johnson, 679 So.2d at 832-33.
Here, as in Johnson, "in an abundance of caution, we vacate appellant's sentence, and remand with directions that appellant be resentenced by another judge, to be assigned by the chief judge of the circuit." Id. at 833; see also Hubler v. State, 458 So.2d 350, 354 (Fla. 1st DCA 1984).
Reversed and remanded.
WOLF, J., concurs; KAHN, C.J., dissents with opinion.
KAHN, C.J., dissenting.
No one could argue that the trial judge's comments on the record are not indicative of some level of frustration. Nevertheless, I am unable to find any inference that the sentence imposed was in any way connected to anything other than the trial judge's reaction to the facts of the crime. The sentence, in actuality, was a good bit closer to the minimum than it was to the maximum. Accordingly, I find no prejudice to the defendant, and I am, respectfully, unable to join in the reversal. I rely in large part upon the sentiments expressed by Judge Arthur Lawrence in Johnson v. State, 679 So.2d 831, 833-34 (Fla. 1st DCA 1996) (Lawrence, J., dissenting).
NOTES
[1] Although the State seems to argue otherwise, it is immaterial that some of the trial court's remarks were addressed to Mrs. Moorer, and not directly to Mr. Moorer. See Cavallaro v. State, 647 So.2d 1006, 1006-07 (Fla. 3d DCA 1994) (reversing sentence after "the trial court engaged in a colloquy with a character witness in which the court indicated that [the] defendant had not accepted responsibility for his actions `by going to trial, denying all guilt and coming in here and saying but I didn't do anything wrong,'" and by "fail[ing] to accept a plea bargain and ... show remorse by his decision to ... avoid fessing up").
[2] As defense counsel reminded the trial judge, the jury found Mr. Moorer guilty of possession of cocaine, but acquitted him of another, more serious offense: introducing cocaine into a county detention facility. Defense counsel explained that the State's insistence that his client plead guilty to the second-degree felony of which he was eventually acquitted "was one of the sticking points from our side, Judge," in plea negotiations. To this, the trial judge said:

In relation to the count about introducing into a detention facility, the jury found him not guilty. You know, there's nothing that prevents Mr. Mo[o]rer or any other defendant for [sic] accepting responsibility of what they're willing to accept it for, which is possession, in his case possession. He could have pled to possession.... That's important, that I'm willing to accept responsibility as opposed to not guilty on everything, as you say in this one, the third count, and taking cases to trial that should be resolved without a trial on docket day. The evidenceyou can't get it any clearer that he was in possession of cocaine.... He didn't have enough integrity to step up and accept responsibility, and we tried a case that should have been resolved on docket day. That's my comments.
In this connection, see Gallucci v. State, 371 So.2d 148, 150 (Fla. 4th DCA 1979) ("It is true that in considering a sentence for a defendant who has pleaded guilty a trial court may consider the plea itself as a step toward rehabilitation. However, while it may seem entirely logical, it is not so easy to simply turn the coin over and conclude that a request for a trial is an indication that a defendant cannot be rehabilitated. Our system presumes innocence and rightfully holds in high esteem an individual's right to trial by jury. And such right may be exercised freely by an individual, without fear that the choice to go to trial will be held against him.").