SILBERMAN, Judge.
Tomasz Walek seeks review of his judgment and sentence for assault with a deadly weapon and criminal mischief. We affirm Walek’s convictions without discussion. But we reverse and remand for resentencing because the trial court improperly considered Walek’s decision to exercise his right to a trial by jury in imposing sentence.
The charges in this case arose from an incident in which Walek threatened an SUV full of high school baseball players with an ax based on his asserted belief that they had thrown a brick at his front door. Walek smashed the driver’s side window then pursued the fleeing SUV in his vehicle until the police appeared on the scene.
Walek’s sentencing scoresheet provided for a sentence range of 16.6 months to five years in prison. At sentencing, the State argued that Walek’s convictions did not warrant a bottom-of-the-guidelines sentence because Walek took the law into his own hands and put the lives of the teenage boys in danger. Defense counsel asserted that Walek realized he made a bad decision but explained that Walek was under the belief his family was being attacked. Defense counsel asserted that Walek was remorseful and indicated a desire to apologize to the victim’s families.
The court replied as follows:
I guess if that’s all true, why am I here having this conversation after the second day of trial at 9:02 in the evening? Why are we not having this conversation with him in front of me long before it ever got to this point, accepting responsibility for what he did and asking a judge to have some leniency under the circumstances?
*1187 Defense counsel responded that the State would not agree to a bottom-of-the-guidelines sentence, and the court replied, “You could have come to me and asked me to do something in the case.” Defense counsel responded that he did not have a legal basis to request a downward departure, and the court replied as follows:
You could have asked me for bottom of the guidelines. You could have asked me to come up with — you know, we could have had a discussion about it. The idea is we are trying the case, and I don’t know if that’s the point where you really want to say, “Now we want to talk about all the mitigation and the remorse he has.”
It seems it [sic] me he thought he could sell it to a jury and he didn’t sell it to a jury. That’s what it seems like to me after all these circumstances.
The court asked Walek to approach and offered to give him the last word. Walek, who is not a native English speaker, said, ‘Tour Honor, if I know that I can talk to you and tell him that I’m sorry for what happened, I will do that a long time ago. I didn’t know there’s such a thing even was possible.” Walek expressed remorse and explained that he had a wife and child at home who depended on him. He claimed he never intended to hurt anyone but said he grabbed the ax in the spur of the moment because he was scared.
The court told Walek that it was too late to say he was sorry and think of his wife and child. The court chastised Walek for taking the law into his own hands instead of calling the police. The court said that Walek was fortunate that no one was seriously injured by the ax or as a result of the subsequent car chase. The court also noted that Walek had been given lenient sentences eight years before for a burglary conviction and subsequent violation of probation. But Walek had returned with “something monumentally more ridiculous” which warranted a significant punishment. The court sentenced Walek to three years in prison followed by two years of probation for assault with a deadly weapon and to time served for criminal mischief.
We take no issue with the trial court’s characterization of Walek’s offenses in this case and recognize that the sentences are legal. However, we must reverse and remand for a new sentencing hearing because the court’s comments suggest that the sentence was also based, at least in part, on Walek’s decision to exercise his right to a trial by jury.
A defendant may not be subjected to a greater sentence because he exercised his right to go to trial. Wilson v. State, 845 So.2d 142, 150 (Fla.2003); Moorer v. State, 926 So.2d 475, 477 (Fla. 1st DCA 2006). “A defendant should not be punished for exercising his constitutional right to stand trial before a jury of his peers, and this is so even when asking for a trial is not ‘the sole reason for the severity of [the] sentence.’ ” Moorer, 926 So.2d at 477 (quoting Gillman v. State, 373 So.2d 935, 939 (Fla. 2d DCA 1979), quashed on other grounds, 390 So.2d 62 (Fla.1980)).
The trial court responded to defense counsel’s request for leniency by telling counsel he might have considered a lenient sentence if Walek had entered a plea but would not do so after Walek refused to accept responsibility for his actions and went to trial. The court specifically told defense counsel that it was too late for the court to consider the minimum sentence and refused to consider any argument for mitigation. The court told counsel, “The idea is we are trying the case, and I don’t know if that’s the point where you really want to say, ‘Now we want to *1188 talk about all the mitigation and the remorse he has.’ ”
These comments are analogous to the kind of comments which were deemed improper by the First District in Moorer. The court summarized the trial judge’s comments as follows:
“This case, quite honestly, should have never been tried, but it was tried because [the defendant] wanted it tried. I don’t get it. We’ve got hundreds of cases that are set for trial,” and that [the defendant] “didn’t have enough integrity to step up and accept responsibility, ... we tried a case that should have been resolved on docket day”“without a trial.” Before pronouncing sentence, the trial judge told [the defendant’s wife] that her husband had “put you and your family and friends [through] having to come up here and ... you’re going to suffer because of what he did and because he wasn’t man enough to step up.”
Id. at 476. Similarly, in Johnson v. State, 679 So.2d 831, 832 (Fla. 1st DCA 1996), the First District held that the sentencing court improperly considered the defendant’s decision to exercise his right to trial when it stated that the defendant had “an indefensible case and put us through going through a whole trial, I guess so he could talk about it. When there was an offer on the table he decided to turn down. Now it’s time to pay the piper.” See also Cavallaro v. State, 647 So.2d 1006, 1006-07 (Fla. 3d DCA 1994) (holding that the sentencing court improperly considered the defendant’s decision to exercise his right to trial by remarking on “his decision to engage in ‘a continued series of legal manipulations, if you will, to avoid fessing up for lack of a better word’ ” (footnote omitted)).
When the comments of a sentencing court may reasonably be viewed as suggesting that the sentence was, at least in part, based on the defendant’s decision to go to trial, resentencing before a different judge is appropriate. Moorer, 926 So.2d at 477. Here, the trial court’s comments indicate that the court based Walek’s sentence, at least in part, on his failure to enter a plea. Thus, Walek is entitled to resentencing before a different judge. See Moorer, 926 So.2d at 477; Johnson, 679 So.2d at 833; Cavallaro, 647 So.2d at 1007.
Convictions affirmed; sentence reversed and remanded.
VILLANTI and WALLACE, JJ., Concur.