EVANDER, J.
Ryan Herman appeals the imposition of a $1,000 fine as part of his sentence where the fine was imposed solely because Herman exercised his right to have his case resolved by a jury. The State properly concedes error.
Herman was charged with attempted second-degree murder, aggravated battery with a firearm, and possession of a firearm by a convicted felon. Midway through his jury trial, Herman accepted a plea offer from the State. Pursuant to the plea agreement, the State would dismiss the attempted murder charge (Count I) and Herman would plead no contest and be adjudicated guilty on the other two counts. The agreement called for Herman to receive a fifteen-year prison sentence on Count II and a concurrent ten-year prison sentence on Count III.[1]
The trial judge conducted a plea colloquy with Herman and accepted his plea. After imposing the agreed-upon prison sentence, the judge questioned the attorneys as to whether there had been an agreement with regard to the imposition of a fine. When neither counsel responded to the inquiry, the trial judge stated:
I’ll fine him a thousand dollars. I’ll refer that to collections court. I usually fine people who go to trial. And the reason for that is .it’s punitory [sic]. He’s taking up public resource, he needs to pay. He can pay when he gets out of prison at a rate of $50 a month through collections court.
A trial court may impose a fine in addition to any penalty prescribed by section 775.082, Florida Statutes., See, § 775.083(1), Fla. Stat. (2012). However, a trial court may not impose a fine simply *454 because the defendant exercised his or her right to a trial. “[A]ny judicially imposed penalty which needlessly ... deters the exercise of the Sixth Amendment right to demand a jury trial is patently unconstitutional.” Wilson v. State, 845 So.2d 142, 150 (Fla.2003); see also Walek v. State, 129 So.3d 1185, 1188 (Fla. 2d DCA 2014) (“When the comments of a sentencing court may reasonably be viewed as suggesting that the sentence was, at least in part, based on the defendant’s decision to go to trial, resentencing before a different judge is appropriate”)
The only part of the sentence challenged by Herman is the imposition of the fine. We therefore remand for resentencing on this limited issue before a different judge.
REVERSED and REMANDED.
PALMER and BERGER, JJ., concur.

. Under the plea agreement, Herman would be required to serve a mandatory minimum sentence of ten years.