IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHARLES HOWARD,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2423

Opinion filed March 10, 2017.

An appeal from the Circuit Court for Suwannee County.
William F. Williams, Judge.

Andy Thomas, Public Defender, and Susannah C. Loumiet, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

WOLF, J.

      Appellant was convicted by a jury of selling, manufacturing, or delivering cocaine, a controlled substance, within 1,000 feet of a physical place of worship. He challenges various aspects of his judgment and sentence, but we find only two of the issues he raised have merit, both regarding discretionary fees and costs imposed upon him. While we affirm the judgment and sentence in all other

respects, we reverse and remand for the trial court to strike the assessment of a $500 "jury fee" and the $150 discretionary portion of the public defender fee, although the court may reimpose the discretionary portion of the public defender fee if it follows the proper statutory procedure.

## I. The $500 "Jury Fee"

The trial court indicated during the sentencing hearing that it believed it had the right to impose a fee upon appellant for exercising his right to a jury trial:

> . . . I do not believe it appropriate to sanction somebody for electing their constitutional right. I do, as is well-known, reserve the prerogative to impose a jury cost to cases that go to trial, and that may be viewed by some as a sanction for going to trial. It's not. But I do believe that's an appropriate cost to assess in a jury trial where there's a finding against the defendant. But my determination as to what a proper sentence will be has nothing to do with the fact he went to trial.

The court then imposed a $500 "jury fee," believing that such a fee in a criminal case was *not* a sanction against appellant for electing his constitutional right to go to trial. We disagree.

In the analogous case Herman v. State, 161 So. 3d 452, 453-54 (Fla. 5th DCA 2014), the Fifth District found that a $1,000 "jury fee" was unconstitutional, reasoning that "a trial court may not impose a fine simply because the defendant exercised his or her right to a trial," and that "'[a]ny judicially imposed penalty which needlessly . . . deters the exercise of the Sixth Amendment right to demand a

2

jury trial is patently unconstitutional.'" Id. (quoting Wilson v. State, 845 So. 2d 142, 150 (Fla. 2003)).

In addition to agreeing that a "jury fee" unconstitutionally sanctions a defendant's right to a jury trial in criminal cases, we note that there is no statutory authority for such a "jury fee" in criminal cases. See Williams v. State, 596 So. 2d 758, 758-59 (Fla. 2d DCA 1992). As such, we hold that the $500 "jury fee" imposed upon appellant was improper and strike that assessment against him.

## II. The $250 Public Defender Fee

Appellant also challenges the $250 public defender fee imposed against him, which was in addition to the $50 public defender application fee. Appellant alleges the trial court failed to advise him of his right to challenge the fee, which exceeded the minimum fee required by statute. We agree.

Pursuant to section 938.29(1)(a), Florida Statutes (2014), attorney's fees and costs for a convicted defendant who received the assistance of the public defender's office should be "no less than $100 per case when a felony offense is charged." However, "[t]he court may set a higher amount upon a showing of sufficient proof of higher fees or costs incurred" if, after the court determines the value of the public defender's services, the defendant receives "adequate notice thereof" and is afforded the "opportunity to be heard and offer objection to the determination, and to be represented by counsel." § 938.29(5), Fla. Stat.

3

Here, the State concedes that although the trial court properly announced the value of the fee – $250 – the trial court failed to inform appellant that he had the right to be heard regarding the $150 discretionary portion of the fee.

We agree, and, therefore, reverse the imposition of the discretionary portion of the public defender fee. The court may reimpose the discretionary portion of the fee but only after following the appropriate procedure. We affirm the judgment and sentence in all other respects.

ROBERTS, C.J., and B.L. THOMAS, J., CONCUR.