# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1998
LT Case No. 2024-CF-000622-A

_____

MARK DUANE HODGES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Seminole County.
Michael J. Rudisill, Judge.

Matthew J. Metz, Public Defender, and Joseph Chloupek,
Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah
Chance, Assistant Attorney General, Daytona Beach, for
Appellee.

March 27, 2026

LAMBERT, J.

    Appellant, Mark Hodges, was charged in a one-count
information with committing the crime of false imprisonment, a

third-degree felony.[1]  During the course of the litigation, Hodges, who was sixty-three years old and had no criminal record as an adult, received an offer from the State to plead guilty to an amended charge of disorderly conduct, a second-degree misdemeanor, with a recommended sentence of six months' probation.  Hodges rejected this offer.

On the morning of trial, the prosecutor offered to Hodges that if he tendered an open plea to the charged offense of false imprisonment, the State would recommend to the trial court that an adjudication of guilt be withheld so that Hodges would not be a convicted felon.  Hodges rejected this offer and proceeded to a jury trial.

The jury found Hodges guilty of false imprisonment, and the trial court deferred sentencing to allow for the preparation of a presentence investigation report.  Prior to the sentencing hearing, Hodges, through his court-appointed counsel, filed a sentencing memorandum in which he requested that the trial court withhold an adjudication of guilt and that he be placed on probation, which he also argued at the sentencing hearing.

Hodges was the only witness presented by either party at the sentencing hearing.  Hodges testified that he was a veteran, having served in the United States Army, and that he had retired at the rank of staff sergeant.  Hodges also apologized to the trial court, the prosecutor, the victim,[2] his wife of twenty-nine years, and their three children.

---

[1] *See* § 787.02(1)(a), Fla. Stat. (2023).

[2] The victim in this case was an employee of a bee removal company.  He was dispatched by his employer to remove bees at an apartment complex where Hodges lived.  The bee colony was located in the second-floor balcony ceiling of Hodges's apartment. Hodges was not home at the time, and the victim was given access to Hodges's apartment by maintenance workers of the apartment complex.  The victim entered Hodges's apartment and had nearly completed his work when Hodges returned home.  Hodges saw the victim on his balcony.  Approximately fifty to sixty bees were also on the balcony.  Hodges, who would testify at trial to being allergic

2

Following argument from the prosecutor and defense counsel, the trial court began announcing its sentence. Pertinent to this appeal, the court, in its early comments, said of Hodges that "[c]ertainly if this was a plea, I would have withheld adjudication [of guilt], but this was trial and the jury found him guilty, and so he of course is being adjudicated guilty." The court next observed that Hodges had been given the opportunity to plead to a misdemeanor and though it stated that it would not punish Hodges for going to trial, it followed with "[Hodges's] punishment is that he is now a convicted felon, which is a shame, because everybody did everything they could to avoid that."

The court placed Hodges on three years' probation; and, as indicated, he is now an adjudicated felon. The present case is Hodges's direct appeal of his judgment and sentence.

## II

Hodges raises three arguments for reversal. Preliminarily, we find no merit to his first two arguments regarding the trial court declining to give a jury instruction requested by Hodges and the court's overruling the defense counsel's objections to certain questions asked by the prosecutor during cross-examination of Hodges. We affirm on these issues without further discussion.

However, for the following reasons, we agree with Hodges's third argument that the trial court committed fundamental error during sentencing. We therefore vacate the judgment and sentence and remand with directions that Hodges be resentenced by a different judge.

## III

Under the Sixth Amendment of the United States Constitution and Article I, Section 16 of the Florida Constitution,

_____

to bees, locked the victim on the balcony. Approximately thirty minutes to an hour passed before an off-duty law enforcement officer who lived at the apartment complex convinced Hodges to unlock the balcony. The victim then left.

Hodges had the right to trial by jury, which he properly exercised. This constitutional right, however, becomes illusory when a defendant is punished for exercising this sacred right. *See Walek v. State*, 129 So. 3d 1185, 1187 (Fla. 2d DCA 2014) ("A defendant should not be punished for exercising his [or her] constitutional right to stand trial before a jury of his [or her] peers, and this is so even when asking for a trial is not 'the sole reason for the severity of [the] sentence.'" (third alteration in original) (quoting *Moorer v. State*, 926 So. 2d 475, 477 (Fla. 1st DCA 2006))).

Though the jury found Hodges guilty of committing the crime of false imprisonment, the trial court here was not required to adjudicate him guilty. *See* § 948.01(2), Fla. Stat. (providing discretion to a trial court to withhold an adjudication of guilt). Hodges, sixty-three years old and with no prior adult criminal record, understandably sought to have an adjudication of guilt withheld.

We have no difficulty in concluding that the trial court, by adjudicating him a felon, penalized Hodges simply for exercising his right to a jury trial. The court expressly and clearly stated as much when it told Hodges during sentencing that had he tendered a plea, an adjudication of guilt would have been withheld, but since Hodges elected not to plead and was later found guilty at trial by the jury, "he of course is being adjudicated guilty." In other words, had Hodges not elected to proceed to trial, his punishment or sentence would have been less harsh—namely, he would have received a withhold of adjudication of guilt and would not be an adjudicated felon.

In *Little v. State*, we held that a trial court's general policy of not considering a defendant's downward departure sentencing request once the defendant exercised his or her constitutional right to a jury trial constituted fundamental error as it violated a defendant's right to due process. 152 So. 3d 770, 772 (Fla. 5th DCA 2014) (citing *Jackson v. State*, 983 So. 2d 562, 575 (Fla. 2008)). We see no meaningful difference between the comments of the trial judge in *Little* that he would not "disrespect" the jury's verdict by thereafter imposing a downward departure sentence, *id.*, and the trial judge's comment here that he would have withheld an adjudication of guilt had Hodges pled to the charge, but since the

4

jury found him guilty, "he of course is being adjudicated guilty." Stated slightly differently, though a trial court has wide discretion regarding factors that it may consider when sentencing, what it cannot do when sentencing is use a defendant's right to plead not guilty and proceed to trial against him or her because due process guarantees an individual the right to maintain innocence. *See generally Moore v. State*, 286 So. 3d 887, 887–88 (Fla. 2d DCA 2019).

Accordingly, we affirm Hodges's conviction, but vacate the judgment and sentence and remand for resentencing before a different judge. *See Herman v. State*, 161 So. 3d 452, 454 (Fla. 5th DCA 2014) ("When the comments of a sentencing court may reasonably be viewed as suggesting that the sentence was, at least in part, based on the defendant's decision to go to trial, resentencing before a different judge is appropriate." (quoting *Walek*, 129 So. 3d at 1188)).[3]

AFFIRMED, IN PART; JUDGMENT AND SENTENCE VACATED; REMANDED FOR RESENTENCING BEFORE A DIFFERENT JUDGE CONSISTENT WITH THIS OPINION.

JAY, C.J., and KILBANE, J., concur.

―――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――

---

[3] The State commendably conceded in its answer brief that if this court found the trial court's comments during sentencing reflected a violation of due process, resentencing before a different judge would be appropriate.